## 8276.  STONE MOUNTAIN GRANITE CORPORATION v. PATRICK.

BROYLES, P. J. 1.  The statute of frauds does not apply to a contract which is not to be performed within one year from the making thereof, where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance.  Civil Code (1910), § 3223 (3).  Under this ruling the contract in this case was not within the statute of frauds.

2. The court did not err in refusing to require the plaintiff, while being examined as a witness, to state how much salary he had been paid by a former employer.  Such evidence was not material to the issues in this case.

3. The contentions of the two parties were substantially given in the charge of the court, and the statements as to them were fully as favorable to the defendant as to the plaintiff.

4. Under the facts of the case the agreement entered into between the parties, after the defendant had notified the plaintiff of the latter's discharge from his employment, that the plaintiff would be given thirty-days notice and allowed to work another month before discharge, did not amount to a novation of the original contract, but was in the na-

ture of a compromise; and where (as is shown by the plaintiff's evidence) the defendant afterwards refused, without good and sufficient cause, to carry out this agreement, and wrongfully discharged the plaintiff before the expiration of the thirty days, and without paying him his salary for that month, the plaintiff was entitled to hold the defendant to his original contract, and, the contract being for one year, to recover his whole year's salary, less whatever amount had been paid him by the defendant, and whatever amount he had been able to earn after his discharge, exercising ordinary diligence to find employment. And the court did not err in so instructing the jury.

5. None of the other instructions excepted to, when considered in connection with the evidence and the charge as a whole, contain material error.

6. The defendant's plea, supported by some proof, was that he discharged the plaintiff because the latter was incompetent and failed to perform his duties under the contract. On the other hand, the plaintiff's evidence tended to show that he was competent to perform *the duties for which he was hired,* and that he did perform such duties satisfactorily and to the best of his ability. This issue of fact was finally settled by the jury.

7. There was ample evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

         *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*
         DECIDED FEBRUARY 1, 1917.

Action on contract; from DeKalb superior court—Judge Smith. November 2, 1915.

*Alonzo Field,* for plaintiff in error. *A. M. Brand,* contra.