14249, 14250.   PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.*
CARAKER; and *vice versa.*

STEPHENS, J.   1.   Upon a breach of an executory contract for services to be performed on commission, the ascertainable profits therein inuring to the benefit of the innocent party may be recovered; but where such profits are incapable of definite ascertainment, an alternative remedy for the breach is the recovery, by the party aggrieved, of the necessary and legitimate expenses authorized by the contract or in contemplation of the parties at the time of its execution and incurred by him in preparing to perform, less the value of materials on hand; or, where there has been part performance, such expenses, together with reasonable compensation for services rendered, which are part of the expenses, less the profits which have already been collected as a result of such part performance, are recoverable.   U. S. *v.* Behan, 110 U. S. 338 (4 Sup. Ct. 81, 28 L. ed. 168); Kingman *v.* Western Mfg. Co., 92 Fed. 486 (34 C. C. A. 489); Worthington *v.* Gwin, 119 Ala. 44 (24 So. 739, 43 L. R. A. 382).

2.   Where the innocent party has partly performed the contract and has earned and collected profits thereunder which were necessarily earned as a result of the expenditures made by him in performing the contract, he cannot recover both the expenses thus incurred and the profits thus earned, but may recover such expenses, together with reasonable compensation for the services rendered, by accounting to the opposite party for the earnings which have thus already accrued as a result of his services and expenditures.

3.   The expenses incurred in preparing to perform the contract necessarily include only expenditures for which the defendant received nothing of value in return but which were incurred by him in performing under the contract.

4.   In a suit for a breach of the contract these alternative remedies may be joined in separate counts, and the plaintiff may recover upon either count as the evidence adduced may authorize.

5.   An allegation in the petition that the plaintiff performed the contractual obligation resting upon him to establish agencies and subagencies throughout the territory sufficiently alleges such a part performance of the contract (which was not in writing) as would take the contract without the statute of frauds.

6. Where the contract sued upon provides that the plaintiff shall for a period of two years act as general agent for the defendant, an insurance company, in certain designated territory, in soliciting accident and health insurance policies for the defendant, for which services the plaintiff is to receive a stipulated commission out of the premiums collected on such policies, and that the plaintiff shall establish at his own expense special agencies and subagencies throughout the territory covered by the contract, the plaintiff may, after complying with the terms of the contract, maintain a suit thereon because of the defendant's breach in discharging the plaintiff and preventing the performance by him of the contract before the expiration of the period during which the contract was to run, and, as damages resulting from the breach, may recover either his profits inhering in the unperformed contract, or, in the event the profits cannot be ascertained with such certainty as to be recoverable, may, by relinquishing all profits earned, recover the actual expenses incurred by him, together with reasonable compensation for services rendered, in establishing and maintaining agencies and subagencies throughout the territory in the performance of the duty resting upon him under the contract.

7. The profits inhering in the contract, and which are recoverable if definitely ascertainable, are, in the contract sued on, necessarily such as would arise out of premiums from policies which the plaintiff might have renewed during the period of the contract, and the count in the petition which alleges such profits as the plaintiff's measure of damages for a breach of the contract was not subject to demurrer upon the ground that such alleged damages were not legally recoverable, and the court did not err in overruling such demurrer.

8. The plaintiff having alleged the proper measure of damages in a certain sum, such damages are legally recoverable, and, it not appearing from the petition that such damages are impossible of ascertainment, the facts essential to their establishment are matters of proof.

9. The count in the petition which alleges the plaintiff's damages as being the amount expended by him in establishing agencies and subagencies in accordance with the obligation resting upon him under the contract, and also the value of services rendered, alleges an amount which is legally recoverable, after deducting the net profits which the petition alleges the plaintiff has earned and received under the contract ($4,385), and was not subject to demurrer upon the ground that such alleged damages were not legally recoverable; and the court erred in sustaining such demurrer and in striking this count from the petition.

10. It appearing, however, from the petition that the plaintiff had received his commissions out of all premiums collected, he cannot recover the full value of services performed as alleged in the last-mentioned count in the petition.

See in this connection, *Tygart* v. *Albritton*, 5 *Ga. App.* 412 (63 S. E. 521); Webster *v.* Beau, 77 Wash. 444 (137 Pac. 1013, 51 L. R. A. (N. S.) 81); also notes in 51 L. R. A. (N. S.) 84, 89; 24 L. R. A. 231; 5 L. R. A. (N. S.) 439; 3 Williston on Contracts, § 1341;

Civil Code (1910), § 4402; *Roberts* v. *Glass,* 112 *Ga.* 456 (37 S. E. 704).

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1924.

Action for breach of contract; from city court of Atlanta—Judge Reid. January 2, 1923.

*Little, Powell, Smith & Goldstein,* for plaintiff in error in main bill of exceptions.

*Spalding, MacDougald & Sibley,* contra.