## 26276. DAMERON *v.* LIBERTY NATIONAL LIFE INSURANCE COMPANY.

DECIDED JUNE 18, 1937. REHEARING DENIED JULY 27, 1937.

258

*J. C. Bowden, J. Wightman Bowden,* for plaintiff.

*Bryan, Middlebrooks & Carter, Yantis C. Mitchell,* for defendant.

GUERRY, J. W. H. Dameron brought suit against Liberty National Life Insurance Company for an alleged breach of a contract of employment. The petition alleged, that on February 1, 1932, the plaintiff was employed by and began work for the defendant as an insurance agent for the purpose of issuing insurance policies to members of the general public, and to collect premiums thereon weekly; that this contract of employment was oral, and was for a term of five years; that he worked for the defendant, under the contract, from the above date until May 20, 1932, at which time he was wrongfully discharged; that during these months he fully complied with his part of the contract; that under the terms of the contract he earned about $15 in February, about $30 in March, about $45 in April, and about $50 in May up to the time he was discharged; and that he would have continued to earn $50 per month for the duration of the contract. The defendant demurred on the ground that it affirmatively appeared from the petition that the contract was one of employment not to be performed within a year, and therefore was within the statute of frauds and unenforceable. Code, § 20-401 (5). This demurrer was sustained, with leave granted to the plaintiff to amend his petition. In an effort to take the contract without the statute of frauds, the plaintiff filed two amendments to his petition, alleging substantially that in preparing to carry out his part of the contract with the defendant he purchased an automobile at a cost to him of about $250, which automobile he used in building up business for the defendant in the territory assigned to him; that during the time of his performance of the contract he operated the automobile at an expense of about twenty-five cents per day; that after his wrongful discharge he was unable to find employment, and was compelled to and did sell the automobile for $100, thus causing a loss to him of $150 on the purchase-price of the car; that in soliciting insurance policies, collecting premiums, and delivering policies, it was necessary for him to go into and over said territory daily, and in doing so it was necessary for him to

have the use of an automobile in reaching the various parts of his territory. The demurrer to the petition as amended was sustained, and the action was dismissed.

The only question to be considered is whether the purchase of the automobile as alleged operated as such "part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance" (Code, § 20-402, par. (3)); for it is well settled that the fact that the person who has contracted to serve another under such a contract enters on the performance of his contract, does not take the case out of the statute. *Bentley* v. *Smith, 3 Ga. App.* 242 (59 S. E. 720); *Lewis* v. *Southern Realty Investment Corporation, 42 Ga. App.* 171 (155 S. E. 369). Upon the question thus to be decided the judge in his order sustaining the demurrer aptly said: "The plaintiff alleged that he bought an automobile at a cost of a few hundred dollars, which he used in soliciting business; *but it does not appear that the alleged contract called for the purchase of a car.* The car belonged to the plaintiff, and he has since sold it." "The part performance which will take a contract out of the operation of the statute of frauds is such as is, within the terms of the agreement, an essential part of the contract, and, as such, is essential to the performance of the contract." *Bentley* v. *Smith,* supra. In other words the part performance which results in a loss to the employee and a benefit to the employer must have been the performance of something required by the terms of the contract. *Barnett Line of Steamers* v. *Blackmar, 53 Ga.* 98. Nowhere in the petition is it alleged that it was a part of the contract of employment that the plaintiff should purchase the car. The mere allegation that it was necessary for the plaintiff to purchase the automobile does not amount to an allegation that it was a part of the contract that he should do so, or was in contemplation of the parties to the contract and mutually agreed to by them. The judge did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GUERRY, J. Counsel for the plaintiff has filed a motion for rehearing, in which he does not question the correctness of our ruling as far as it went, but points out that we overlooked certain

other allegations of the petition which he contends take the alleged parol contract of employment out of the operation of the statute of frauds. It is said that we did not consider whether or not it would be a fraud on the part of the defendant to allow it to retain the business accumulated for it by the plaintiff during the four months that he worked, and then to discharge him, as was alleged, in the petition. We did not overlook this feature of the case; in fact, as we shall hereafter point out, we fully covered it by a general principle of law. We did not specifically deal with this allegation, because the question whether it took the contract without the operation of the statute of frauds was not presented by the appeal. The plaintiff's original petition was filed on January 10, 1934. The defendant filed a general demurrer on January 23. The plaintiff amended the petition on March 24, and the defendant renewed its general demurrer on March 26. On April 1, 1936, the judge sustained the general demurrer, and gave the plaintiff fifteen days in which to amend. One of the grounds of the demurrer was that the contract was unenforceable under the statute of frauds. The judge is presumed to have sustained the demurrer on all of the grounds urged. Therefore the sustaining of this demurrer on April 1 was an adjudication that the petition set up a contract that was not enforceable under the statute of frauds, and to this judgment no exception was taken. Therefore it became the law of the case. *Georgia Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (2) (46 S. E. 659); *Moody* v. *Cleveland Woolen Mills*, 133 *Ga.* 741 (66 S. E. 908). On April 11, and again on December 8, 1936, the plaintiff offered amendments to the petition, which were allowed subject to demurrer. The defendant renewed its demurrer, and the judge dismissed the case. Therefore the only question presented in the appeal was whether the amendments of April 11 and December 8 stated any new facts, not set out in the petition when the demurrer was sustained on April 11, which would take the contract alleged without the operation of the statute. *Equitable Mfg. Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (87 S. E. 717); *Marbut* v. *Southern Ry. Co.*, 22 *Ga. App.* 330 (95 S. E. 1021). The only new matter set up in those amendments was the purchase of the automobile by the plaintiff and the expense of operating it in building up a business for the defendant. The amendment did allege that the "de-

fendant retained and received benefits from all the work performed by the plaintiff up to the time of his discharge *as hereinbefore* alleged," but this fact was clearly shown by the petition before the general demurrer was sustained on April 1. The amendment itself shows this, for it ends with the words "as hereinbefore alleged." In our opinion we dealt specifically with those new allegations set up in the amendments of April 11 and December 8. The Code, § 20-402, declares that "The foregoing section [statute of frauds] does not extend to the following cases, viz.: 1. Where the contract has been fully executed. 2. Where there has been *performance* [italics ours] on one side, accepted by the other, in accordance with the contract. 3. Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." The contract in the present case has not been fully executed, nor has there been performance on one side, accepted by the other, in accordance with the contract. We stated in our original opinion that part performance, within itself, did not take a parol contract of employment, not to be performed within a year, without the statute of frauds. The second exception to the statute, above noted, specifically provides that *performance,* accepted by the other party in accordance with the contract, will take it out of the provisions of the statute. If, however, under the third exception there has been such *part performance, as would render it a fraud on the part of the party refusing to comply therewith, the court will uphold the contract.* However, "a performance of services under the contract [not to be performed within a year], for a part of the term, is not such part performance as renders it a fraud upon the party performing for the employer to refuse to comply, by a discharge of that party before the expiration of the term." *Morris* v. *Virginia-Carolina Chemical Corporation,* 48 *Ga. App.* 702 (173 S. E. 486). If this court should hold that mere acceptance and retention of the benefits accruing to the employing party by reason of the performance of services under the contract for a part of the term would amount to the requisite part performance under the third exception, we would nullify the ruling made in the *Morris* case, supra, and other similar rulings; for in every contract of employment where the employee has rendered services under the contract, there would accrue to the em-

ployer some benefit. This is the reason that our courts have held that the part performance relied on must have not only resulted in benefit to the promisor, *but in loss or injury to the promisee. Bagwell* v. *Milam, 9 Ga. App.* 315 (71 S. E. 684). In such case the uncertainty of parol evidence is to be endured, rather than allow the promisor to take an unjust and inequitable advantage of the promisee. That loss or injury which this rule refers to does not arise merely because the employer has received the benefit of the services rendered; for, if so, then every part performance would amount to performance. Nor does it arise because the plaintiff will not receive the compensation for his services that was agreed in the contract; for the law gives him the right to recover the value of his services on a quantum meruit basis. The authorities fully support our position, and none that we have discovered militate in any way against it. The decision in *Pacific Mutual Life Insurance Co.* v. *Caraker, 31 Ga. App.* 707 (121 S. E. 876), is not in conflict with our ruling, but on the contrary supports it. In that case the plaintiff entered into an oral contract (not to be performed within a year) with the defendant insurance company to become its general agent in a specified territory in soliciting accident and health insurance policies, and to establish at his own expense special agencies and subagencies throughout the territory covered by the contract. The evidence was that the plaintiff entered upon his employment under the contract, and at his own expense created certain agencies over the territory as provided in the contract. This resulted not only in benefit to the defendant, but would have resulted in actual loss to the plaintiff had the defendant been allowed to shelter itself under the statute of frauds. No such facts appear in the present case. The motion for rehearing is without merit, and is therefore denied.

*Broyles, C. J., and MacIntyre, J., concur.*