31513. WALLER *v.* AMERICAN LIFE INSURANCE CO. *et al.*

FELTON, J. 1. The terms of the alleged oral contract, which are set forth in great detail in the petition, do not disclose any agreement on the part of the plaintiff to act as State manager for twenty years, nor is it alleged what the duties of a State manager consist of. Unless the promises are mutual and definite as to time and subject-matter, an alleged contract based solely on consideration thereof is not binding. *Pepsi Cola Co.* v. *Wright,* 187 *Ga.* 723 (2 S. E. 2d, 73), and cases cited. 2. Under the Code, § 20-401 (5), agreements (except with overseers) not to be performed within one year from the making thereof must be in writing to be binding. No part performance of the contract by the plaintiff is alleged, which would take the contract out of the statute. It is alleged that the plaintiff gave up a job in the company's industrial department in Birmingham, where he received a salary of $150 per week, but it is not alleged that he was obligated to do so by the terms of the alleged agreement. *Smith* v. *Davidson,* 198 *Ga.* 231 (31 S. E. 2d, 477); *Lamons* v. *Good Foods Inc.,* 195 *Ga.* 475 (24 S. E. 2d, 678); *Neely* v. *Sheppard,* 185 *Ga.* 771 (196 S. E. 452). See *Dameron* v. *Liberty National Life Ins. Co.,* 56 *Ga. App.* 257 (192 S. E. 446), where such cases as *Pacific Mutual Life Insurance Co.* v. *Caraker,* 31 *Ga. App.* 707 (121 S. E. 876), are distinguished. Under the foregoing principles, the court did not err in sustaining the defendants' general demurrers and in dismissing the action.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED FEBRUARY 15, 1947. REHEARING DENIED APRIL 1, 1947.

*G. Seals Aiken,* for plaintiff.
*Alston, Foster, Sibley & Miller, James L. Alston,* for defendants.