## 50634. UTICA TOOL COMPANY v. MITCHELL.

MARSHALL, Judge.

This case involves an alleged breach of an oral contract for employment. The facts, construed favorably to appellee Mitchell, are that the Utica Tool Company, through its national sales manager, Carlson, allegedly entered into an oral contract of employment with Mitchell on October 23, 1973, which called for Mitchell to serve as Utica's western region sales manager. The period of employment was to commence on or about November 1, 1973, and was to extend for more than one year. Utica denies that there was ever an offer or acceptance so as to bring into being even an oral contract. Mitchell further stated that on October 23, 1973, when the job offer allegedly was made and accepted, Mitchell told Utica that he, Mitchell, had to respond to a job offer later that same day from Bryant Electric Company in a similar capacity at higher annual salary. Mitchell, in his deposition, asserted he was assured by Carlson that the Utica job was his, and Mitchell was to be prepared to assume his duties about November 1, 1973. Because of this alleged contract of employment with Utica, Mitchell later during the day of October 23, 1973, refused the job offer by Bryant Electric.

After several delays at the instigation of Carlson, on November 7, 1973, Mitchell, at Carlson's request, went to employer's home plant in Orangeburg, South Carolina, in what Mitchell believed to be his first day of work on the new job. Utica contended this was to be the day of decision to hire or not hire. At the end of that work day, Carlson notified Mitchell that he would not be hired on that day or at any time in the future. It is uncontested that Carlson had the power to hire or fire a regional sales manager for

Utica.

Mitchell subsequently filed suit against Utica claiming a breach of contract of employment and praying for $10,000 in monetary damages resulting from his continued unemployment and loss of wages at a rate of about $2,000 per month, based upon the putative income from the refused job with Bryant Electric Company.

Utica filed its motion for summary judgment. Without admitting that a contract ever existed between the parties, the motion was premised upon assertions the oral contract was for an indefinite period and therefore terminable at will by either party; that the contract was so vague and indefinite as to be unenforceable; and was further unenforceable as being within the Statute of Frauds. Utica appeals from the denial of its motion for summary judgment. *Held:*

Appellant, Utica has enumerated some four alleged errors. Inasmuch as the answer to the fourth enumeration is dispositive of this appeal, the first three enumerations need not be addressed.

In its fourth enumeration, Utica urges the trial court erred by holding there was a question of fact as to whether the alleged employment agreement was unenforceable because of the Statute of Frauds, relying on Code § 20-401 (5). That provision states in pertinent part: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, . . . viz: (5) Any agreement . . . that is not to be performed within one year from the making thereof."

Utica has not conceded that any valid contract exists, and, even if it did exist, it is a contract for services to begin at a future date (October 23 as the contract date and November 1 as the commencement date), and to continue for a period of more than one year from the commencement date. Such a contract is one that is not to be performed within one year from the making thereof and one that falls within the Statute of Frauds. Such a contract is unenforceable. *Bentley v. Smith,* 3 Ga. App. 242, 245-246 (59 SE 720); *Dameron v. Liberty Nat. Life Ins. Co.,* 56 Ga. App. 257 (192 SE 446).

Mitchell attempts to avoid the effect of the Statute of

Frauds upon the premise that by going to Orangeburg, South Carolina on November 7, 1973, and entering upon his employment, as well as by giving up the very substantial benefits flowing from the job offer from Bryant Electric Co., he has executed such part performance as circumvents the application of the Statute of Frauds.

The mere fact he entered upon employment and served would not avail as part performance. *Norman v. Nash*, 102 Ga. App. 508 (116 SE2d 624). The part performance required to obviate the Statute of Frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other. *Bagwell v. Milam*, 9 Ga. App. 315 (71 SE 684). Thus it has been held in a similar case that a performance of services under a contract for a part of the term is not such part performance as renders it a fraud upon the party performing for the employer to refuse to comply, by a discharge of that party before the expiration of the term. This is true notwithstanding the person performing the services, after he entered into the contract and began to render services under it, refused an offer of employment elsewhere. *Morris v. Virginia-Carolina Chemical Corp.*, 48 Ga. App. 702 (173 SE 486). At best, the turning down of another job by Mitchell was but a preliminary step, simply getting ready to perform. Acts which are merely preparatory or preliminary to the performance of a contract terminable at the will of either party are not sufficient as part performance. *Bentley v. Smith,* supra, p. 245.

There is no evidence that the refusal of the Bryant Electric job by Mitchell or any other action by Mitchell was a substantial act essential to the performance of the oral contract or that there was any benefit under the terms of the alleged understanding flowing to Utica. In the absence of such evidence there is no part performance such as would take the alleged oral contract out of the Statute of Frauds. *Bentley v. Smith,* supra. These conclusions lead ineluctably to a conclusion that the trial court erred in denying appellant Utica's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

638

*King & Spalding, A. F. Jenkins, Jr., Lanny B. Bridgers, Michael C. Russ,* for appellant.
*Michael J. Reily,* for appellee.