## 34187. HUDSON v. VENTURE INDUSTRIES, INC. et al.

UNDERCOFLER, Presiding Justice.

This certiorari presents the question whether leaving a job for a higher paying one is such part performance as will take an oral contract of employment out of the Statute of Frauds. Hudson reluctantly left his position with a prior company after a recruitment effort by Venture Industries, for a five year contract at an increased salary and generous fringe benefits. The contract was not reduced to writing, but Hudson worked

for over two years for Venture Industries before being terminated. He sued for the value of the remaining term of employment under the alleged oral contract. Summary judgment was granted for Venture Industries by the trial court and affirmed by the Court of Appeals. *Hudson v. Venture Industries,* 147 Ga. App. 31 (248 SE2d 9) (1978). We granted certiorari and affirm. Leaving lucrative employment for a higher paying job does not constitute such part performance of an oral contract subject to the statute of frauds that will take the contract out of the statute.

Code Ann. § 20-401 (5) states: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: . . . (5) Any agreement . . . that is not to be performed within one year from the making thereof." According to Corbin, "[t]he purpose of . . . [the statute of frauds] was to prevent the foisting of an obligation of specified classes by perjury upon one who had never assented to assume it." 2 Corbin on Contracts § 275 at p. 3.

Code Ann. § 20-402 (3), however, provides that the "foregoing section [Code Ann. § 20-401] does not extend to. the following cases, viz: . . . (3) When there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel performance." Our inquiry is directed at this section.

"The true rule is believed to be that, wherever there has been a 'part performance' that is of such a character as to make the restitutionary remedy[1] wholly inadequate, and the facts are such that it is what the courts call a 'virtual fraud' for the defendant to refuse performance, equitable remedies are thereby made available to the injured party on the same terms as in other cases. The proof of the oral contract must be clear and convincing, the performance sought must be of a kind that courts of equity

---

[1]Compensation, for services performed is collectible at law in quantum meruit. *Dameron v. Liberty Nat. Life Ins. Co.,* 56 Ga. App. 257 (192 SE 446) (1937); Marston v. Downing, 73 F2d 94 (5th Cir. 1934).

ordinarily feel competent to compel, and other similar conditions of the right to equitable relief must exist. In the great majority of the cases holding that part performance does not take a case out of the one-year clause, the facts did not fulfil these requirements. Most often they are cases of a contract for services for stated wages." 2 Corbin on Contracts § 459 at pp. 583-584. (Footnotes in original omitted; footnote added.)

In Georgia, the courts have adhered to the fraud requirement, but recovery under Code Ann. § 20-402 (3) has not been limited to cases in which specific performance is sought, and recovery of damages has been allowed in contracts of employment. *Barnett Line of Steamers v. Blackmar & Chandler,* 53 Ga. 98 (1874); *Rader v. Rayette-Faberge, Inc.,* 123 Ga. App. 328 (181 SE2d 83) (1971); *Piedmont Life Ins. Co. v. Bell,* 103 Ga. App. 225 (119 SE2d 63) (1961); *Pacific Mut. Life Ins. Co. v. Caraker,* 31 Ga. App. 707 (121 SE 876) (1924); *Stone Mtn. Granite Corp. v. Patrick,* 19 Ga. App. 269 (91 SE 286) (1917); 2 Corbin on Contracts § 459 at p. 583, n. 93.

The part performance required by Code Ann. § 20-402 (3), however, must be essential to the contract, that is, required by its terms, such that a benefit is conferred upon the employer, with a consequent loss to the employee which renders the court's refusal to enforce the contract tantamount to a fraud upon the employee. E.g., *Barnett Line of Steamers v. Blackmar & Chandler,* supra; *Utica Tool Co. v. Mitchell,* 135 Ga. App. 635 (218 SE2d 650) (1975); *Norman v. Nash,* 102 Ga. App. 508 (116 SE2d 624) (1960); *Cofer v. Wofford Oil Co.,* 85 Ga. App. 444 (69 SE2d 674) (1952); *Waller v. American Life Insurance Co.,* 75 Ga. App. 76 (41 SE2d 910) (1947); *Yarborough v. Hi-Flier Manufacturing Co.,* 63 Ga. App. 725 (12 SE2d 133) (1940); *White v. Simplex Radio Co.,* 61 Ga. App. 157 (5 SE2d 922) (1939); *Dameron v. Liberty Nat. Life Ins. Co.,* 56 Ga. App. 257 (192 SE 446) (1936); *Neuhoff v. Swift & Co.,* 54 Ga. App. 651 (188 SE 831) (1936); *Pacific Mut. Life Ins. Co. v. Caraker,* supra. Thus, the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract.

It is clear that mere entry on employment is insufficient part performance to satisfy this requirement.

*Utica Tool Co. v. Mitchell,* supra; *Norman v. Nash,* supra; *Lewis v. Southern Realty Invest. Corp.,* 42 Ga. App. 171 (155 SE 369) (1930); *Bentley v. Smith,* 3 Ga. App. 242 (59 SE 720) (1907). It has also been held that, even with such entry, refusal of another offer is not sufficient part performance under Code Ann. § 20-402 (3). *Utica Tool Co. v. Mitchell,* supra; *Morris v. Virginia-Carolina Chemical Corp.,* 48 Ga. App. 702 (173 SE 486) (1933). Nor is moving to a new location and taking on employment adequate to remove an oral contract from the statute of frauds. *Norman v. Nash,* supra; *Bentley v. Smith,* supra; Marston v. Downing, 73 F2d 94 (5th Cir. 1934). The rationale underlying these cases is that these acts, entry on employment, moving, and refusal of another offer, are, as stated in *Utica Tool Co. v. Mitchell,* supra, at p. 637, "merely preparatory or preliminary to the performance of a contract terminable at the will of either party, . . ." and not a substantial act essential to an oral contract. These acts do not verify the probable existence of the contract. For this reason, *Alexander- Seewald Co. v. Marett,* 53 Ga. App. 314 (185 SE 589) (1936), which holds to the contrary and is inconsistent with this rationale, is disapproved.

In the present case, the alleged part performance by the employee, Hudson, is the giving up of his prior employment, where he was earning a substantial salary and good fringe benefits, to work for Venture Industries. We find that the Court of Appeals was correct in holding that, like moving and refusing another offer, giving up other employment is merely preparatory to accepting new employment and is not inconsistent with employment terminable at will without a contract. We also agree with the Court of Appeals that this result works no fraud on the employee within the meaning of Code Ann. § 20-402 (3). Though he has arguably suffered a loss, no uncompensated benefit has been conferred on the employer by Hudson's leaving his other job. *Waller v. American Life Ins. Co.,* supra. Compare *Pacific Mut. Life Ins. Co. v. Caraker,* supra, with *Dameron v. Liberty Nat. Life Ins. Co.,* supra.

Hudson, however, relies on *Bagwell v. Milam,* 9 Ga. App. 315 (71 SE 684) (1911), where a jury verdict in favor of the employee was affirmed on alternative grounds; that

the oral contract was either for a period less than a year and did not fall within the Statute of Frauds or, if within the statute, was removed by part performance. The part performance alleged was the giving up of employment with a telegraph company to accept a position as a teacher in a telegraph operator's school. The benefit to the employer found by the court was the mere availability of the employee to work for him. In light of the language and rationale of the part performance statute and the other cases interpreting it, the *Bagwell* case must also be disapproved.

The Court of Appeals correctly affirmed the grant of Venture Industries' motion for summary judgment by the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1979 — DECIDED JANUARY 24, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Brinson, Askew & Berry, Robert M. Brinson, Robert N. Farrar,* for appellant.

*Sutherland, Asbill & Brennan, Thomas A. Cox, Alfred A. Lindseth, D. R. Cumming, Jr.,* for appellees.