## 63868. SLATER v. JACKSON et al.

SHULMAN, Presiding Judge.

Appellant sued appellees for the alleged breach of an employment contract. He now appeals from the grant of a directed verdict for appellees and the judgment entered thereon.

1. The first enumeration of error is concerned with the trial court's grant of appellees' motion to amend their answer. Under Code Ann. § 81A-115 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . ." The practically unqualified amendment right in Georgia extends from Justice Bleckley's treatise on this state's broad and liberal policy of amendment in *Ellison v. Ga. Railroad Co.,* 87 Ga. 691 (13 SE 809), down through our present Civil Practice Act which broadened that policy even further by the wording of the CPA. Code Ann. § 81A-115.

In a case such as the one before us, where no pre-trial order is entered, "pre-trial proceedings end with the commencement of the trial proper and the taking of evidence. The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by the consent of the adverse party. [Cit.]" *Black v. Lowry,* 159 Ga. App. 57 (1) (282 SE2d 700). Appellees' motion to amend, made prior to commencement of the trial, was not ruled upon until the trial had progressed somewhat. Inasmuch as appellees had "the unfettered right" to amend their answer when the motion was made, there was no error in permitting the amendment. *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (2) (241 SE2d 62).

2. Appellant next asserts that the trial court erroneously directed a verdict in favor of appellees. At trial, appellant presented evidence that he had entered into an oral employment contract with appellees. The trial court ruled that appellees' Statute of Frauds defense vitiated appellant's case. We agree.

An oral offer of employment to commence on January 22, 1979, and to run for one year was purportedly made on January 14, 1979, and accepted on January 15. "Such a contract is one that is not to be performed within one year from the making thereof and one that falls within the Statute of Frauds. [Code Ann. § 20-401 (5)]. Such a contract is unenforceable. [Cits.]" *Utica Tool Co. v. Mitchell,* 135 Ga. App. 635, 636 (218 SE2d 650).

Slater, as did the ex-employee in *Utica Tool,* supra, attempts to avoid the devastating effect of the Statute of Frauds by asserting that part performance on his part circumvents the application of the

Statute of Frauds. Code Ann. § 20-402 (3). However, " '[t]he mere fact that he entered upon employment and served would not avail as part performance.' [Cit.]" *Hudson v. Venture Industries,* 147 Ga. App. 31, 32 (248 SE2d 9). Furthermore, appellant's refusal of another offer, coupled with the entry upon employment with appellees' organization, is not sufficient part performance under Code Ann § 20-402 (3). *Hudson v. Venture Industries,* 243 Ga. 116, 119 (252 SE2d 606). Thus, the trial court did not err when it directed a verdict for appellees and entered judgment thereon.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*Antonio L. Thomas,* for appellant.
*Marva Jones Brooks, Mary Carol Cooney,* for appellees.