66875. KATZ v. CUSTOM SPRAY PRODUCTS, INC.

McMURRAY, Presiding Judge.

This is a contract action predicated upon an alleged oral contract of employment. It is undisputed that there is no written memorandum of the alleged contract signed by an agent of defendant.

Following discovery, defendant moved for judgment on the pleadings, or in the alternative, summary judgment. Defendant's motion for summary judgment was granted, and plaintiff appeals. *Held:*

Plaintiff's evidence shows that the contract was made on April 13, 1979, in regard to a term of employment of one year beginning on April 30, 1979. Generally, a verbal contract for services to begin in the future and continue for a year is void under the Statute of Frauds. *Slater v. Jackson,* 163 Ga. App. 342 (2) (294 SE2d 557); OCGA § 13-5-30 (5) (formerly Code § 20-401 (5)). Although plaintiff left his prior position, moved to Atlanta from the New York area and entered upon his employment with defendant, such was not sufficient part performance under OCGA § 13-5-31 (3) (formerly Code § 20-402 (3)) to remove the alleged oral contract from the Statute of Frauds. *Hudson v. Venture Indus.,* 243 Ga. 116 (252 SE2d 606); *Slater v. Jackson,* 163 Ga. App. 342 (2), supra.

In order to remove the alleged oral contract from the Statute of Frauds "[t]he part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract." *Hudson v. Venture Indus.,* 243 Ga. 116, 118, supra. Although the compensation, including fringe benefits, provided by defendant to plaintiff is in several respects consistent with the alleged oral contract, the record contains no evidence of part performance inconsistent with the lack of a contract.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983.

*Matthew J. Blender,* for appellant.
*Robert G. Holt, Vickie Cheek Lyall,* for appellee.