68398. GODWIN v. CITY OF BAINBRIDGE.
(322 SE2d 733)

CARLEY, Judge.

Appellant-plaintiff filed a two-count complaint against appellee-defendant. In count one of his complaint, appellant sought specific performance of an alleged oral employment contract between the parties. In count two, appellant alleged that he had been fraudulently induced to enter into the oral employment contract, and sought punitive damages. Appellee answered, denying that it had entered into the alleged oral employment contract. Summary judgment was granted in favor of appellee and appellant appeals.

Resolution of the instant appeal necessitates a recitation of the following evidence, which is construed most favorably for appellant:

In 1958, appellant was employed by appellee as a fireman. In 1978, he was promoted to Fire Chief. Around 1979, appellant was no longer able to control through medicine an earlier detected chronic physical ailment. As appellant's condition worsened, he had several conversations with the City Manager and the Mayor of appellee concerning the availability of a city disability program. At some point, the Mayor informed appellant that the city did not have a disability program, and the Mayor commented to appellant that the amount of social security that appellant would be able to draw would be inadequate.

On February 1, 1982, the Mayor and the City Manager proposed the following to appellant: That appellant would "step down" as Fire Chief; that appellant would continue to be employed by appellee in a "consultant" capacity, whereby he would continue to receive the same salary that he was receiving as Fire Chief, and he would maintain his health and life insurance; and, that this "consultant" position would continue for five years, until appellant reached the age of fifty-five, at which time appellant could draw retirement benefits through the city's retirement program. The following day, appellant was told that the City Council had approved the proposal that the two officials had made to him. However, the oral proposal was never reduced to writing. As a result of the discussions, appellant stepped down as Fire Chief and continued to draw his regular paycheck. Appellant applied for and began to receive social security benefits. However, in October of 1982, appellant was informed by the Mayor that appellant's salary was not "put in the budget" and that his employment with appellee was terminated. The Mayor stated in his deposition that his proposal that appellant take a "consultant" position and still receive his regular salary was only "until [appellant] received social security which would be approximately six months."

1. It is clear that because the alleged oral employment agreement was not to be performed within one year from its commencement, the agreement is subject to the Statute of Frauds. See OCGA § 13-5-30 (5). Appellant contends, however, that he has partially performed the agreement and, therefore, the agreement is removed from the operation of the Statute of Frauds by virtue of OCGA § 13-5-31 (3).

" 'The true rule is believed to be that, wherever there has been a "part performance" that is of such a character as to make the restitutionary remedy wholly inadequate, and the facts are such that it is what the courts call a "virtual fraud" for the defendant to refuse performance, equitable remedies are thereby made available to the injured party on the same terms as in other cases. The proof of the oral contract must be clear and convincing, the performance sought must be of a kind that courts of equity ordinarily feel competent to compel, and other similar conditions of the right to equitable relief must exist. . . .' [Cit.] The part performance required by [OCGA § 13-5-31 (3)],

however, must be essential to the contract, that is, required by its terms, such that a benefit is conferred upon the employer, with a consequent loss to the employee which renders the court's refusal to enforce the contract tantamount to a fraud upon the employee. [Cits.] Thus, the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract." *Hudson v. Venture Indus.*, 243 Ga. 116, 117-118 (252 SE2d 606) (1979).

In the present case, appellant's asserted part performance is his "stepping down" from his former position of Fire Chief at the same time that he assumed his new position of consultant. In *Hudson v. Venture Indus.*, supra, the court held that mere entry into employment as well as giving up prior employment with a substantial salary and good fringe benefits is insufficient part performance to remove an oral agreement from the Statute of Frauds. Appellant, however, asserts that unlike *Hudson*, in the present case a benefit was conferred on appellee by appellant's leaving his former job. That benefit, appellant contends, is that when he stepped down, appellee was able to combine the fire department and police department into a new single department with only one "chief," with savings to the taxpayer. However, the evidence shows that as Fire Chief, appellant was an employee at will. While appellant's "stepping down" may have provided a convenient opportunity for the city to implement such a plan, it is clear that, by stepping down, appellant *himself* did not confer upon appellee an *uncompensated benefit*. See *Hudson v. Venture Indus.*, supra. Compare *Pacific Mut. Life Ins. Co. v. Caraker*, 31 Ga. App. 707 (5) (121 SE 876) (1923) wherein the employee-plaintiff performed certain contractual obligations by establishing territorial agencies and subagencies at his own expense, and such partial performance of the oral contract removed the contract from the Statute of Frauds.

Thus, in the instant case we find that the trial court correctly granted summary judgment in favor of appellee on count one of appellant's complaint, as the alleged oral contract was unenforceable under the Statute of Frauds.

2. As previously stated, appellant also alleged that he was fraudulently induced to enter into the oral employment contract. However, " '[m]isrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence.' [Cit.] It is contrary to common sense to rely upon a promise that is not legally binding upon the person making it." *Adamson v. Maddox*, 111 Ga. App. 533, 536 (142 SE2d 313) (1965). As we have held in division one of this opinion, the alleged oral employment contract was not enforceable under the Statute of Frauds. See OCGA § 13-5-30 (5). Therefore, we find no merit in appellant's contention that he was fraudulently induced to enter into an unenforceable contract. See generally *Adamson v. Maddox*, supra at 535; *Beasley v. Ponder*,

143 Ga. App. 810 (240 SE2d 111) (1977); *Willis v. Rabun County Bank*, 161 Ga. App. 151, 153 (3) (291 SE2d 52) (1982), aff'd 249 Ga. 493 (291 SE2d 715) (1982); *Gowen v. Ga. Intl. Life Ins. Co.*, 163 Ga. App. 75, 77 (293 SE2d 729) (1982).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 28, 1984.

*Ralph C. Smith, Jr.*, for appellant.
*William C. Sanders, Bruce W. Kirbo*, for appellee.