A89A1258. PRESTO v. SCIENTIFIC-ATLANTA, INC.
(388 SE2d 719)

BENHAM, Judge.

This appeal is from the grant of summary judgment to appellee-employer in a suit having its basis in a claim of wrongful termination. The trial court found that the uncontradicted evidence demanded the conclusion that appellant had no enforceable contract of employment and that his employment was, therefore, terminable at will. We agree and affirm.

1. In his first two enumerations of error, appellant complains of the trial court's findings that there was no written contract of employment and that the asserted oral contract was barred by the Statute of Frauds. Although he admits that there was no single signed document on which he could rely as a contract of employment, appellant contends that his oral acceptance of a written offer of employment constituted a written contract of employment. However, as was the case in *American Standard v. Jessee*, 150 Ga. App. 663 (1) (258 SE2d 240) (1979), the purported contract was within the Statute of Frauds because it was not to be performed within a year of the date it was alleged to have been made. That being so, it was necessary that the essential terms, such as the duration of the contract, be included in the writing. *Gatins v. NCR Corp.*, 180 Ga. App. 595, 596-597 (349 SE2d 818) (1986). The writing on which appellant relies does not include the duration of the contract, so the contract is incomplete and unenforceable. *American Standard v. Jessee*, supra. The trial court was correct, therefore, in ruling that the asserted contract of employment was within the Statute of Frauds and that since there was no written contract, there was no contract of employment which appellant could enforce.

2. In his third enumeration of error, appellant contends that a provision in a stock option granted him by appellee constituted an

implied promise to continue appellant's employment for three years. The stock option provided that it could be exercised only if appellant remained employed by appellee for three years. Essentially the same argument, without the title of implied promise, was rejected by this court in *Lowe v. Royal Crown Cola*, 132 Ga. App. 37 (1) (207 SE2d 620) (1974), and we do not find any new vigor added to the argument by the new name.

3. Appellant's fourth and sixth enumerations of error concern the trial court's rejection of claims based on theories of promissory estoppel and fraud. Reasonable reliance is an element of both promissory estoppel (*Fidelity &c. of Md. v. West Point Constr. Co.*, 178 Ga. App. 578 (1) (344 SE2d 268) (1986)) and fraud. *Godwin v. City of Bainbridge*, 172 Ga. App. 290 (2) (322 SE2d 733) (1984). Promises which are wholly unenforceable, as we have held appellant's purported contract of employment to be, may not be relied upon. Id. Insofar as appellant's claims based on promissory estoppel and fraud are premised on the promises in the purported employment contract, the claims must fail. There is no question that the promissory estoppel claim is based on the purported contract, so that claim was properly resolved against appellant. As appellee correctly points out, appellant's position in the trial court on the fraud claim was that misrepresentations about the level of business conducted by appellee misled him about the amount of compensation which would be due him. It is clear, therefore, that the fraud claim is also based on the promises alleged to be in the contract of employment, and was also properly resolved adversely to appellant.

4. In his fifth enumeration of error, appellant asserts that his act of leaving another job to take the job with appellee was such part performance of his contract as would take it out of the Statute of Frauds. That contention is controlled adversely to him by *Hudson v. Venture Indus.*, 243 Ga. 116, 119 (252 SE2d 606) (1979), where it was held that giving up another job, moving to a new location, and starting employment are not such part performance as will take a contract of employment out of the Statute of Frauds because those acts are not inconsistent with employment terminable at will without a contract.

5. After the time for filing a brief and enumeration of errors, and after an extension of that time, appellant filed two additional enumerations of error. He contends that he should be permitted to assert those additional enumerations of error because the entire record had not been sent to this court before docketing as required by the rules of this court. Rule 21 (a), Rules of the Court of Appeals. However, the supplemental record contains a single exhibit to which appellant made specific reference in his original brief. It is clear, then, that any delay in completing the record had no part to play in appel-

lant's failure to include in his original brief and enumeration of errors the issues he sought to raise in his additional enumeration of errors. We see no reason, therefore, to depart from the rule that an enumeration of error may not be amended after the time for filing has expired. *In re Crudup*, 149 Ga. App. 214, 215 (253 SE2d 802) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 21, 1989 —

*Charles A. Presto*, pro se.

*Kilpatrick & Cody, Susan A. Cahoon, Michael W. Tyler*, for appellee.