A90A1525, A90A1526. BAXLEY VENEER & CLETE COMPANY et al. v. MADDOX; and vice versa.
(401 SE2d 282)

COOPER, Judge.

The dispute in this case arises out of an oral agreement entered into between appellee and Horace Corbett ("Corbett"), while Corbett was president of Corbett Plywood Corporation. The main appeal (Case No. A90A1525) is from the judgment entered on the jury verdict in favor of appellee. In the cross-appeal (Case No. A90A1526), appellee alleges an error in the court's refusal to give one of his requested charges.

Appellee's relationship with Corbett began as early as 1964 when Corbett purchased the mill at which appellee had been employed for approximately 17 years. Appellee continued working at the mill under Corbett's employ until 1977, when Corbett sold the mill. Although the business relationship between appellee and Corbett ceased with the sale of the mill, the two maintained contact with each other, and in 1978, appellee had dinner with Corbett, during which Corbett stated that he was considering purchasing another mill and that he would make the purchase if appellee would come to work for him at that mill. Appellee, who was then 54 years old and working for a separate company, informed Corbett that he had a salary of $20,000, plus life insurance and a retirement plan, and that he was concerned about security for his future because of his advancing age. Appellee con-

tends that Corbett offered him a job until he was 65 years old, which appellee accepted. Shortly thereafter, Corbett purchased the mill and appellee began employment as general manager of the mill. Corbett died in 1981, and appellee was fired approximately one month later. Appellee sued appellants, Corbett Plywood Corporation and Baxley Veneer & Clete Company (a separate corporation which appellee contends is a predecessor to the interest of Corbett Plywood Corporation), in a multi-count complaint, alleging breach of contract and several other wrongful acts; however, the only counts remaining after appellants' motion for summary judgment were the breach of contract and wrongful termination counts. Prior to trial a stipulation was entered into by the parties whereby Baxley Veneer & Clete Company agreed to be jointly and severally liable for any judgment entered against Corbett Plywood Corporation. The jury returned a verdict in favor of appellee, awarding damages and an amount for attorney fees.

*Case No. A90A1525*

1. Appellants contend in their first enumeration of error that the trial court erred in denying their motion for directed verdict on the ground that the contract was unenforceable under the Statute of Frauds. A witness who was present at the dinner meeting between Corbett and appellee testified that he heard Corbett tell appellee that if he came to work for him, appellee would have a job until he was 65. OCGA § 13-5-30 provides that any agreement which is not to be performed within a year must be in writing to be enforceable. Although there is some evidence that written notes were made reflecting the agreement, those notes were not produced during the trial, and it is undisputed that there is no other writing evidencing the agreement between Corbett and appellee. "The provisions of Code Section 13-5-30 do not [apply] . . . [w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31. Appellants contend there was no part performance of the contract such as to remove it from the operation of the Statute of Frauds, and in the absence of a written contract, the contract was terminable at will. We find no error in the submission of the case to the jury. There was evidence that appellee worked as general manager of the mill for over two-and-a-half years and that the mill was purchased only after appellee agreed to manage it for Corbett. Whether those acts constituted part performance was a question of fact. *Smith v. Cox*, 247 Ga. 563, 565 (277 SE2d 512) (1981); *Stolz v. Shulman*, 191 Ga. App. 864 (6) (383 SE2d 559) (1989). Accordingly, we find no error with the denial of appellants' motion for directed verdict.

2. Appellants also enumerate as error the trial court's denial of a directed verdict on appellee's claim for attorney fees and expenses of

litigation. Although appellee made no prayer for expenses of litigation or attorney fees in his complaint, he did so in a pretrial order filed with the court; however, neither appellants' counsel nor the trial judge signed the pretrial order. The trial judge, after initially granting appellants' motion for directed verdict on the issue of attorney fees, subsequently changed his decision and decided to allow the jury to hear evidence on that issue. " 'A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues.' " *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977). It appears from the transcript of appellants' motion for directed verdict that appellants had notice of the claim for attorney fees through the pretrial order which appellee filed with the court and that the pretrial order was never signed due in part to a change in the judge assigned to the case. "Questions of bad faith, stubborn litigiousness, and expense, OCGA § 13-6-11, are generally questions for the jury." *Gorin v. FPA 2, P.C.*, 184 Ga. App. 239, 241 (361 SE2d 193) (1987). " 'Bad faith authorizing an award of attorney('s) fees in a contract action must relate to the conduct of entering the contract or to the transaction and dealings out of which the cause of action arose, which includes not only the negotiations and formulation of the contract but also performance of the contractual provisions.' [Cit.]" *Beall v. F. H. H. Constr.*, 193 Ga. App. 544 (5) (388 SE2d 342) (1989). Given the short amount of time which elapsed between appellee's firing and Corbett's death, there was some evidence from which the jury could have found that appellants' actions in terminating his employment contained an element of bad faith. Therefore, we find no error with the denial of appellants' motion for directed verdict on appellee's claim for attorney fees.

3. Appellants' third enumeration of error is that the trial court erred in refusing to give their requested charges on part performance. Appellants requested the following charges on part performance: "I charge you that the part performance required to remove a multi-year oral employment contract from the application of the Statute of Frauds is not satisfied by either mere entry into employment, moving to a new location and taking on employment or refusal of another offer, for reasons that such acts are merely prepatory (sic) or preliminary to performance of a contract terminable at will of either party and that such acts are not substantial acts essential to an oral contract in that they do not verify the probable existence of the contract," and "I further charge you that part performance required to remove a multi-year oral employment contract from the application of the Statute of Frauds is not satisfied by giving up other lucrative employment." These requests were correct statements of the law as stated in *Hudson v. Venture Indus.*, 243 Ga. 116, 118-119 (252 SE2d 606) (1979). See also *Presto v. Scientific-Atlanta*, 193 Ga. App. 606

(4) (388 SE2d 719) (1989); *Gatins v. NCR Corp.*, 180 Ga. App. 595, 598 (349 SE2d 818) (1986). The trial judge charged the jury that an oral agreement which was not to be performed within one year was enforceable "where there has been performance on one side accepted by the other in accordance with the contract, or where there has been such part performance of the contract as would render it a fraud on the party refusing to comply if the court did not compel a performance," and that "the part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract." Appellee contended throughout the trial that leaving the "security" of his former job, commencing employment with Corbett Plywood and working there without a vacation for approximately two-and-a-half years, constituted part performance sufficient to remove the oral contract from the operation of the Statute of Frauds. Thus, the charges at issue were adjusted to the facts and issues in the case. Inasmuch as the charges were relevant to the case, constituted correct statements of the law and were not covered elsewhere in the charge, we find error in the refusal to charge the jury as requested and reverse. See *Burson v. Copeland*, 160 Ga. App. 481 (1) (287 SE2d 386) (1981).

4. Appellants also enumerate as error the trial court's charge to the jury that "acquiescence or silence, when the circumstances require an answer, a denial or other conduct may amount to an admission." Appellee contended that appellants' failure to respond to his application for unemployment benefits, which listed "unknown" as the reason for appellee's termination, was an acknowledgment by appellants that appellee was not fired for cause. Appellants contend that the failure to respond to appellee's application for unemployment benefits was not an admission that appellee had a contract which was to last until he reached the age of 65. "Substantively correct or not, '(a) charge which is not authorized by the evidence and which injects issues into the case which are not made by the pleadings or evidence is presumed to be harmful to the losing party.' [Cit.]" *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860 (2) (389 SE2d 355) (1989). The requested charge was not relevant to the issues in the case, and we find error with the giving of the charge.

5. In their final enumeration of error, appellants contend that the trial court erred in allowing appellee to present character testimony. Appellee presented, over objection, two rebuttal witnesses who testified that he had a reputation for truthfulness and honesty. Appellee contends that the testimony was relevant because appellants raised an issue about his credibility by trying to prove that no offer of employment until he was 65 had been made. However, whether or not appellee was being truthful was irrelevant to the primary issue in the case, which was whether the contract was unenforceable under the

Statute of Frauds. Appellee's truthfulness not being a material issue in the case, the trial court should not have departed from the general rule which disallows character evidence in civil cases. See *Housing Auth. of Atlanta v. Green*, 169 Ga. App. 211 (3) (312 SE2d 196) (1983).

### Case No. A90A1526

6. Appellee/cross-appellant's sole enumeration of error is that the trial court erred in refusing to charge the jury, in accordance with OCGA § 10-6-121, that "[c]ontracts between employers and overseers may be by parol, though they may extend beyond a year from the time of the contract." " 'A requested charge need be given only when it embraces a correct and complete principle of law *and is pertinent and adjusted to the facts of the case.*' [Cit.]" (Emphasis in original.) *Money v. Daniel*, 188 Ga. App. 215 (1) (372 SE2d 305) (1988). There being no evidence in the record that appellee was hired as an "overseer" within the meaning of OCGA § 10-6-121; we find no error in the trial judge's refusal to give the charge.

*Judgment reversed in Case No. A90A1525. Judgment affirmed in Case No. A90A1526. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 21, 1990 —
REHEARING DENIED DECEMBER 20, 1990 —

*Newton, Smith, Durden & Kaufold, Wilson R. Smith*, for appellants.

*Law Offices of Barnard M. Portman, Paul H. Felser*, for appellee.