S91G0522. BAXLEY VENEER & CLETE COMPANY et al. v. MADDOX.
(404 SE2d 554)

CLARKE, Chief Justice.

This case involves an oral contract of employment for longer than one year. Such contracts are not enforceable unless "there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance." OCGA § 13-5-31 (3). We granted certiorari to consider the quantum of evidence necessary to create a jury issue regarding part

---

performance.

Earl Maddox brought an action against his former employer, Corbett Plywood Company, and its parent company, Baxley Veneer and Clete Company, alleging breach of an employment contract. Maddox asserted that when he was recruited to work as general manager of a lumber mill by the mill's owner, Horace Corbett. He claimed that Corbett promised him that he could stay in the job until age 65. Maddox left other lucrative employment to accept the job at the mill. He worked at the mill for two years without taking a vacation. Sometimes he worked long hours. Corbett died in 1981. Maddox was fired one month later. There was no written employment contract.

At trial the employer moved for directed verdict, arguing that oral contracts for employment longer than one year are unenforceable under the statute of frauds, OCGA § 13-5-30. Maddox responded that the contract was enforceable because it was partially performed within the meaning of OCGA § 13-5-31 (3). The trial court denied Baxley's motion for directed verdict and refused to instruct the jury as to what conduct is not sufficient to constitute part performance that would remove the contract from the operation of the statute of frauds. The jury returned a verdict in favor of Maddox for $87,000.

The Court of Appeals held that the trial court erred in failing to give the requested charges on part performance, but did not err in denying the motion for directed verdict. *Baxley Veneer &c. Co. v. Maddox*, 198 Ga. App. 235 (401 SE2d 282) (1990). The Court of Appeals held that because Maddox left one job and worked two years at the mill, the jury should determine whether the contract was partially performed. The case was remanded for a new trial. The Court of Appeals also held that the trial court did not err in allowing the issue of attorney fees to go to the jury.

1. Appellants contend that the facts are insufficient as a matter of law to create a jury issue as to part performance. We agree. Leaving one job to begin another has never been held to be sufficient part performance to remove an oral employment contract from the operation of the statute of frauds. See, e.g., *Hudson v. Venture Indus.*, 243 Ga. 116 (252 SE2d 606) (1979); *Gatins v. NCR Corp.*, 180 Ga. App. 595 (349 SE2d 818) (1986); *Presto v. Scientific-Atlanta*, 193 Ga. App. 606 (388 SE2d 719) (1989). We have consistently held that oral employment contracts for longer than one year are unenforceable unless there has been part performance that is "consistent with the presence of a contract and inconsistent with the lack of a contract." *Hudson*, supra at 118. Giving up another job, moving to a new location and beginning work are acts that are not inconsistent with employment that is terminable at will. *Presto*, supra at 607. There was no evidence in this case of acts that would verify the probable existence of a contract of employment to last "until retirement." *Hudson*, supra at 119.

Although Maddox worked long hours and did not take vacation, there was no evidence that he did anything that would not have been required by any employee who took the job. Nothing he did conferred an uncompensated benefit on the employer so that the "refusal to enforce the contract [is] tantamount to a fraud on the employee." Id. at 118. Therefore, there was insufficient evidence to create a jury issue regarding part performance. The motion for directed verdict should have been granted.

2. Appellants next contend that the Court of Appeals erred in deciding that the issue of attorney fees was properly submitted to the jury. In light of our decision in Division 1, we must agree. It would be inconsistent to allow an award of attorney fees under OCGA § 13-6-11 in an action based on a contract that is unenforceable as a matter of law. Therefore, the award of attorney fees must be vacated.

*Judgment reversed. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED JUNE 7, 1991.

*Newton, Smith, Durden, Kaufold, & McIntyre, Wilson R. Smith,* for appellants.
*Paul H. Felser,* for appellee.
*Heyman & Sizemore, William H. Major,* amicus curiae.