A93A0905. GOLDEN v. NATIONAL SERVICE INDUSTRIES.
(435 SE2d 270)

BIRDSONG, Presiding Judge.

Chester Golden sued National Service Industries d/b/a National Linen Service for damages for breach of an oral agreement for a three-year term of employment, and for fraud by defendant in promising that term of employment with no intention to fulfill it. The trial court granted summary judgment to defendant, and Golden appeals. *Held*:

Employment in Georgia is terminable at the will of either party (OCGA § 34-7-1), so an employee has no entitlement to a certain term of employment unless a contract exists therefor. An oral contract of employment for a term beyond one year is unenforceable under the statute of frauds. OCGA § 13-5-30 (6). Appellant contends, however, that there was part performance of this oral agreement which takes it out of the statute of frauds. OCGA § 13-5-31 (2) and (3).

Part performance of oral employment contracts takes such contracts out of the statute of frauds if the part performance is consistent with the presence of a contract and inconsistent with the lack of a contract. Mere entry on employment is insufficient part perform-

ance to satisfy this requirement. *Hudson v. Venture Indus.*, 243 Ga. 116, 118 (252 SE2d 606). Such acts as starting employment, moving, and refusing another offer are merely preparatory or preliminary to. the performance of a contract terminable at will, and do not verify the probable existence of an employment contract. Id. at 119; *Alkaril Chemicals v. O'Lenick*, 202 Ga. App. 230 (414 SE2d 257); see *Utica Tool Co. v. Mitchell*, 135 Ga. App. 635, 637 (218 SE2d 650).

In *Baxley Veneer &c. v. Maddox*, 261 Ga. 309, 310-311 (404 SE2d 554), there was no evidence of acts that would "verify the probable existence of a contract of employment. . . . [T]here was no evidence that [the employee] did anything that would not have been required by any employee who took the job. Nothing he did conferred an uncompensated benefit on the employer so that the 'refusal to enforce the contract (is) tantamount to a fraud on the employee.' [*Hudson*, supra] at 118."

Appellant contends that as a condition to his agreement to quit his former job and work for appellee for three years, he signed an agreement which prohibited him from competing with appellee for twelve months after his employment with appellee was terminated. Appellee does not deny appellant entered such a contract but does not concede the fact, and urges that signing a non-compete agreement is not sufficient part performance to take an oral employment agreement out of the statute of frauds. Appellee contends appellant's alleged signing of the covenant not to compete was standard in the industry, was merely preparatory or preliminary to employment-at-will and was not "consistent with the presence of a contract and inconsistent with the lack of a contract." Id.

On appellee's motion for summary judgment, we construe the evidence in favor of appellant and give appellant the benefit of every doubt. *White House v. Winkler*, 202 Ga. App. 603, 606 (415 SE2d 185). There is a form contract of employment-at-will in the record which is not signed. Paragraph 3 of that contract provides that employee "expressly covenants and agrees, which covenant and agreement is of the essence of this contract," that for 12 months after termination of his employment he shall not, for himself or another, solicit the patronage from any entity who was served by appellee during the 12 months preceding his termination. Appellant in deposition denied that the employment-at-will contract was the one he signed; he indicated he could not produce the non-compete contract he signed because appellee did not give him a copy of it. Further, appellant does not contend appellee tried to enforce the alleged non-compete agreement.

Beyond the alleged non-compete agreement which has not been produced, and which appellant does not contend appellee ever enforced, there is nothing in the case beyond the " 'merely preparatory

or preliminary' " acts for performance of an employment terminable at will. *Hudson*, supra at 119. Assuming that there was such a written non-compete agreement, we must speculate as to its terms. The lack of written evidence of it leaves it too vague to enforce and makes it impossible to determine whether it was enforceable under laws relating to restrictive covenants. See *Fleury v. AFAB, Inc.*, 205 Ga. App. 642, 643 (423 SE2d 49) and *ALW Marketing Corp. v. McKinney*, 205 Ga. App. 184, 185 (421 SE2d 565), cert. denied.

Appellee made a prima facie case for summary judgment by showing that there was no part performance sufficient to take the oral employment contract out of the statute of frauds under OCGA § 13-5-31; appellant could not rest upon his pleadings, but "must point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). As appellant could not produce evidence of an enforceable non-compete agreement which was consideration for a three-year employment agreement, and which was enforced or sought to be enforced by appellee so as to constitute "part performance" of the employment agreement, he could not avoid summary judgment on that ground. This applies both to appellant's claim for breach of contract and to his claim for fraud. See OCGA § 13-5-31 (2) and (3); *Hudson*, supra at 118.

We find no merit in any other claims of appellant that there was such part performance of the oral employment contract to take it out of the statute of frauds.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

Decided August 18, 1993.

*Page, Scrantom, Harris & Chapman, Mark R. Youmans*, for appellant.

*Elarbee, Thompson & Trapnell, Robert J. Martin, Jr., Douglas H. Duerr*, for appellee.

