Hollis E. CASE, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, State Farm
Fire and Casualty Company and State
Farm Life Insurance Company, Appellees.

No. 18296.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1961.

John E. Mulhearn, Natchez, Miss., for
appellant.

Hubert S. Lipscomb, Jackson, Miss.,
for appellees.

Before RIVES, CAMERON and
JONES, Circuit Judges.

CAMERON, Circuit Judge.

█ Appellant Case filed this action
against the three insurance companies
named as appellees for damages growing
out of the termination of his representation of the three Companies as local
agent. He charged in his complaint that
he was appointed agent by a written contract attached as an exhibit to his complaint, which he charged, and the parties agree, constituted him an independent contractor for all purposes and provided that he was not required to "devote
all of his working time to any one of
the Companies;" that he represented the
three Companies "through the years
1954, 1955, 1956, 1957 and 1958, and up
until March 28, 1959," on which date the
appellees "began to and did meddle and
interfere with the plaintiff's work as
agent of [the three Companies] in disregard of the agreement between the defendants and the plaintiff."[1]

1. The meddling and interference upon
which appellant lays so much stress before us is stated in the complaint in these
words:

"That on or about March 1, 1959, that
he, the Plaintiff, publicly announced his
candidacy for the office of Supervisor of
District Five (5) of Adams County, Mississippi, and Plaintiff shows further that
on or about March 28, 1959, the Defendants, * * * began to and did meddle and interfere with the Plaintiff's work
as agent of the State Farm Insurance
Companies in disregard of the agreement
between the Defendants and the Plain-

tiff. The Plaintiff was informed orally
and by letter by representatives of his
principals that his agency would have to
be handled in a particular manner and he
was directed as to when, how and why
his work should be done in a certain manner and was orally informed as well as by
letter that he would have to submit his decision as to whether he would be a candidate for the office of supervisor or have
his contract or appointment with State
Farm Insurance Companies terminated
as of May 1, 1959, all of which was done
wrongfully in malicious and wanton disregard of the Plaintiff's rights accord-

Properly construed in connection with the remaining allegations of the complaint,[2] appellant stated nothing in his pleading except an action based upon what he conceived to be the malicious and wrongful cancellation of the written contract between him and appellees, and on that alone. So construed, every word in the complaint related to the alleged wrongful termination of the written contract between the parties. That writing gave either party the right to terminate it with or without cause,[3] and the charges in the complaint relating to meddling and interference make sense only when construed in the light of the allegations that the appellees expressed the purpose not to continue the contractual relationship with appellant unless he would agree to abjure the seeking and holding of the public office of county supervisor. Their efforts to induce him to follow the course which alone would permit the continuation of that contractual relationship related manifestly to the termination which finally took place. The contract gave the appellees the right to cancellation "with or without cause," and in terminating it the appellees acted entirely within their rights.

Appellant argues the case as if it were one in tort for interference with his civil rights. The allegations of the pleadings do not support such an argument. He relies upon the Mississippi case of Memphis Steam Laundry & Cleaners, Inc. v. Lindsey, 1941, 192 Miss. 224, 5 So.2d 227, where one business rival brought a common law action against another for unfair competition where the two were competing for business in the same territory. He relies, too, upon a constitutional provision of the State of Mississippi requiring the legislature to protect employees of corporations from interference with their social, civil or political rights, and upon the Mississippi statute implementing the constitutional provision (fixing a penalty of $250 for its violation). He also cites the Mississippi criminal statute against "Whitecapping." These authorities do not, in our opinion, have any relevance to the situation before us.

It is clear also that the complaint does not set forth an independent claim for damages based upon meddling and interference by appellees with appellant's performance of the contract. Appellant invokes the oft repeated statement of the

ing to his appointment as agent of the Defendants, State Farm Insurance Companies, with the intention of coercing the Plaintiff into withdrawing from the political race and devoting his full time as an employee in the master and servant relationship to the performance of his service for said Defendants.

\* \* \* \* \*

"Plaintiff charges and avers that the malicious intentional and wrongful direction as to his activities as agent of the Defendants was such a breach and repudiation of his contract or agreement with him as set out in Exhibit I as to entitle him, the Plaintiff to damages for the loss due to the breach or repudiation of the said agreement listed as Exhibit I."

2. E.g., immediately following the language quoted in Footnote 1, supra, the complaint charges the following:

"Plaintiff further shows unto the Court that at the time of the said repudiation or breach of contract by the Defendants, that the Plaintiff's income from the Defendants for the previous year was nine thousand seventy-three ($9,073.00) dollars and that the Plaintiff's life expectancy at his present age of 45 was 25.21 years according to the C.S.O. Mortality table, and that but for the wrongful breach, repudiation and termination of the Plaintiff's contract of agency with the Defendants, the Plaintiff would have been entitled to continued remuneration from the Defendants for the sum of two hundred twenty-six thousand, seven hundred twenty-five ($226,725.00) dollars and that but for the malicious, wanton meddling and interfering and wrongful breach, repudiation and cancellation of the Plaintiff's contract the Plaintiff is entitled to punitive damages in the sum of two hundred thousand ($200,000) dollars."

The judgment demanded against the three defendants, appellees, was the sum of the two figures mentioned above.

3. "This agreement may be terminated as to any or all Companies, with or without cause, by either party or parties giving written notice to the other and shall be deemed terminated as of the date specified in such notice."

courts that a complaint should not be dismissed if it charges facts upon which a court could possibly grant relief. The statute [4] invoked by him is simple in its provisions. What the courts have said does not mean that it is the duty of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading.[5]

The court below was faced with a complaint and a motion to dismiss. Its duty was to judge the complaint by the language used in it. The only damages claimed by the appellant were those based entirely upon his claim that the written contract was wrongfully terminated, and the language concerning the meddling and interference is reasonably construed as referring to appellees' indication to appellant that he would have to give up his quest of public office if he desired to retain his contractual relationship with appellees. We are called upon here merely to test whether the court below erred in interpreting the meaning of language which was, viewed as a whole, clear and unambiguous. We do not think that it did.

If appellant had desired to pursue a charge that appellees had wrongfully interfered with the running of his business in violation of the terms of the written contract, it would have been quite simple for him to file an amended complaint. Doubtless the court below would have permitted this even after the order of dismissal had been granted. But aside from that, appellant had an absolute right to amend his complaint once, no responsive pleading having been filed. Rules 15 and 8(b), F.R.Civ.P., and 3 Moore's Federal Practice, 2d Ed. p. 824, et seq.

It is apparent that the complaint charged that appellees did nothing more than to exercise the right of termination given them by the explicit terms of the contract exhibited with appellant's complaint. Cf. 2 C.J.S. Agency § 68, page 1149, and Martin-Parry Corp. v. New Orleans Fire Detection Service et al., 1952, 221 La. 677, 60 So.2d 83. This being true, and since appellant claims no damages whatever except such as would flow from the wrongful termination of the contract, we think the court below correctly granted the motion to dismiss. Its judgment is

Affirmed.

4. 54(c), F.R.Civ.P., 28 U.S.C.A.: " * * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party had not demanded such relief in his pleadings."

And see 8(a) (2) and 8(f), F.R.Civ.P.

5. Cf. Conley v. Gibson, 1957, 335 U.S. 41, 46, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80; Demandre v. Liberty Mutual Ins. Co., 5 Cir., 1959, 264 F.2d 70; and Stanaland v. Atlantic Coast Line Ry., 5 Cir., 1951, 192 F.2d 432.