**JACKSONVILLE NEWSPAPER PRINT-ING PRESSMEN AND ASSISTANTS' UNION NO. 57, Plaintiff,**

v.

**FLORIDA PUBLISHING COMPANY, Defendant.**

No. 71–274–Civ–J.

United States District Court, M. D. Florida, Jacksonville Division.

April 21, 1972.

Patrick M. Scanlon, Atlanta, Ga., for plaintiff.

Loftin & Wahl, Coffman & Jones, Jacksonville, Fla., for defendant.

## ORDER

TJOFLAT, District Judge.

This is an action for breach of an employment contract arising under the Labor-Management Relations Act of 1947, Section 301, 29 United States Code, Section 185. The plaintiff prays the Court, with respect to a current contract dispute: to declare that the current collective bargaining agreement between the parties provides for compelling and binding arbitration by an impartial arbitrator; to order the defendant to participate in the choosing of an impartial arbitrator; and to order the defendant to submit to arbitration.

The case now comes before the Court on defendant's motions for dismissal and summary judgment (filed September 9, 1971) directed at plaintiff's twice-amended complaint. For the reasons set out below, the motion to dismiss is granted.

On August 8, 1968, the parties to this action executed a written employment agreement to be effective from May 1, 1968, to May 1, 1970. This written contract is incorporated into plaintiff's complaint by specific reference. The present controversy centers around Section #1(2) of the written contract:

1(2). It is further agreed that all disputes regarding a new contract and scale to become effective at the expiration of this contract, which cannot

be settled by conciliation, shall be determined by arbitration as hereinafter provided, and this contract shall remain in force until all disputes are settled by conciliation or arbitration, provided that the arbitration board is formed within thirty (30) days from the date of the request of either party to this contract that said arbitration board be formed in accordance with the provisions of this contract. In the event the arbitration board is not formed within the said thirty-day period, then the duty of either party to this contract to arbitrate any unresolved issue is waived, and the rights and liabilities of either party hereunder shall terminate in the same way and manner as if notice of termination had been filed in accordance with paragraph one of this section.

The basis of the plaintiff's claim is as follows: The provision for arbitration, referred to in Section #1(2) above, was not made elsewhere in the written contract. Instead, an oral agreement, wherein the procedure for arbitration was set out, was made by the parties contemporaneous to the execution of the written contract. The oral contract provided that should the arbitration anticipated by Section #1(2) of the written contract become necessary, an arbitration board consisting of five members would be formed: each party individually selecting two members, and the parties jointly selecting the fifth, impartial member. The parties have engaged in negotiations for a new contract for many months beyond the May 1, 1970, expiration date of the 1968 contract.[1] On January 11, 1971, after a new agreement had not been reached, plaintiff delivered a written demand to defendant for arbitration. The defendant, however, has refused to join the plaintiff in the selection of the fifth, impartial member of the arbitration board. Plaintiff contends that defendant's refusal constitutes breach of contract.

The defendant contends that Section #16(2)[2] of the written contract provides the procedure for forming the arbitration board, to-wit: each party is to choose two members of a four member arbitration board. Since this contract section, which is incorporated into plaintiff's complaint, affirmatively shows that the defendant has no duty to help choose a fifth board member, defendant moves to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted.

The defendant moves for summary judgment on the same grounds. It has submitted sworn affidavits of various persons bearing on the intention of the parties at the time of execution of the written contract in an effort to show that it is factually beyond question that Section #16(2) provides for the formation of the arbitration board.

1. Pursuant to Section #15 of the 1968 written agreement, work by plaintiff's members at defendant's plant has continued beyond May 1, 1970, while negotiations for a new contract have been in progress.

2. Section #16 provides:
   JOINT STANDING COMMITTEE
   (1) Should any question or difference arise between the parties to this Agreement, said question or differences shall immediately be referred in writing to the Joint Standing Committee.
   (2) A Joint Standing Committee shall be maintained, to consist of two representatives of the Publisher, and two representatives of the Union, and in the case of a vacancy, prolonged absence, or refusal of a representative to act, another shall be immediately appointed in his place. To this committee shall be referred all questions which may arise as to the construction to be placed upon any of the clauses of this Agreement or any alleged violations thereof, which cannot be settled otherwise. Such Joint Standing Committee shall meet within fifteen (15) days after any question or differences shall have been referred to it for decision by the authorized representatives of either party to this Agreement.
   Defendant argues that the Joint Standing Committee is the same entity as the Arbitration Board referred to in Section #1 and various other sections of the written contract.

The Court grants defendant's motion to dismiss. In so doing, the Court finds it unnecessary to determine whether Section #16(2) of the written contract serves the function urged by the defendant, or whether the oral agreement alleged by the plaintiff was ever made.

Although a motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted, dismissal is justified when it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.[3] It follows that where plaintiff's cause of action arises out of a contract which is attached to his complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, then dismissal is appropriate.[4]

In the case at bar, the plaintiff has incorporated into its complaint the 1968 written contract. Section #1(2) of that contract, in pertinent part, provides:

> In the event the arbitration board is not formed within the . . . thirty-day period [after the request by one party that an arbitration board be formed], the duty of either party to arbitrate any unresolved issue is waived . . ..

In the light of this quoted passage, the Court finds that no relief can be granted under any construction of the contract urged by the plaintiff. Since more than thirty days have passed from the date plaintiff requested defendant to arbitrate, and since plaintiff alleges that no arbitration board has yet been formed, then, on the face of the complaint, defendant has no duty to arbitrate. It follows that the relief prayed for by the plaintiff cannot be granted.

---

3. *See, e. g.* Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971) and cases cited therein.

4. Case v. State Farm Mutual Ins. Co., 294 F.2d 676 (5th Cir. 1961).