JACKSONVILLE NEWSPAPER PRINT-
ING PRESSMEN and Assistants' UN-
ION NO. 57, Plaintiff-Appellant,

v.

FLORIDA PUBLISHING COMPANY,
Defendant-Appellee.

No. 72-2367

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1972.

Rehearing Denied Nov. 15, 1972.

Patrick M. Scanlon, Atlanta, Ga., for plaintiff-appellant.

Harold B. Wahl, Daniel R. Coffman, Jr., Jacksonville, Fla., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

BELL, Circuit Judge.

Appellant union brought suit against the publishing company under 29 U.S.C.A. § 185 (§ 301 of the Labor Management Relations Act of 1947), in an effort to compel arbitration before a board including a disinterested arbitrator rather than before a board consisting of four members, two of whom were to be appointed by each of the parties under a collective bargaining agreement. The dispute resolved itself into a question of construction of the collective bargaining agreement and whether there was, as alleged, a parol agreement between the parties modifying the form of the board

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

of arbitration. The district court dismissed the suit on the basis of the court's construction of the contract. Jacksonville Newspaper Printing Pressmen and Assistants' Union No. 57 v. Florida Publishing Company, M.D.Fla., 1972, 340 F.Supp. 993. We agree with the result of dismissal but disagree with the reason for dismissal. Since the complaint was due to be dismissed, we affirm.

The core of the dispute between the parties was the meaning of the collective bargaining agreement as it respects the composition of the board of arbitration to be used in resolving open questions in a new agreement between the parties. The company position was that the Joint Standing Committee of § 16 of the Agreement is the board of arbitration contemplated by the parties. This committee is to consist of two members appointed by the company and two by the union. The union contends that there was an oral agreement to embrace a former practice of selecting and using a fifth disinterested person on the arbitration board. The use of such a fifth member was the precise relief sought by the union in the district court.

The company stood ready to proceed on the four member basis and moved for summary judgment to this end. This motion was not considered because of the view of the district court that the matter was controlled by another provision of the agreement to the effect that the questions in issue need not be arbitrated if the arbitration board was not formed within thirty days from the date of the request for arbitration.[1] The board not having been formed in the req-

uisite thirty day period, dismissal followed. We conclude that this was an erroneous approach to the question of dismissal.

Section 16 of the agreement sets out the procedural law of the shop as it was chosen by the parties here. It is the only provision of the agreement addressed to any form of an arbitration board. It provides:

### SECTION 16.
### JOINT STANDING COMMITTEE

(1) Should any question or difference arise between the parties to this Agreement, said question or differences shall immediately be referred in writing to the Joint Standing Committee.

(2) A Joint Standing Committee shall be maintained, to consist of two representatives of the Publisher, and two representatives of the Union, and in the case of a vacancy, prolonged absence, or refusal of a representative to act, another shall be immediately appointed in his place. To this committee shall be referred all questions which may arise as to the construction to be placed upon any of the clauses of this Agreement or any alleged violations thereof, which cannot be settled otherwise. Such Joint Standing Committee shall meet within fifteen (15) days after any question or differences shall have been referred to it for decision by the authorized representatives of either party to this Agreement.

 It thus appears that the question determined by the district court was saved by agreement of the parties for the Joint Standing Committee. And this

---

1. SECTION I.

\* \* \* \* \*

(2) It is further agreed that all disputes regarding a new contract and scale to become effective at the expiration of this contract, which cannot be settled by conciliation, shall be determined by arbitration as hereinafter provided, and this contract shall remain in force until all disputes are settled by conciliation or arbitration, provided that the arbitration board is formed within thirty (30) days from the date of the request of either party to this

contract that said arbitration board be formed in accordance with the provisions of this contract. In the event the arbitration board is not formed within the said thirty-day period, then the duty of either party to this contract to arbitrate any unresolved issue is waived, and the rights and liabilities of either party hereunder shall terminate in the same way and manner as if notice of termination had been filed in accordance with paragraph one of this section.

is also the reason why appellant union was entitled to no relief. In Local Union No. 787, International Union of Electrical, Radio and Machine Workers, AFL–CIO v. Collins Radio Company, 5 Cir., 1963, 317 F.2d 214, we said: "That which the parties have committed to the arbiter is for the arbiter alone, not the Court". 317 F.2d at 220. This is the rationale of International Union of Operating Engineers, Local 150, AFL–CIO v. Flair Builders, Inc., 1972, 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248. The only questions for the court are whether the parties have agreed to arbitration, and the scope of the arbitration clause. Here the parties have so agreed and the scope of the arbitration clause embraces the questions presented.

■ The question involving the bar of the failure to form the arbitration board in thirty days (Agreement, Section I(2)), and whether there was a modification of the agreement so as to provide a disinterested person as a fifth arbitrator are for the Joint Standing Committee under the agreement and not for the court.

Affirmed.