341 So.2d 1012 (1977)
BROWARD NATIONAL BANK OF FORT LAUDERDALE, Appellant,
v.
Sam BETHEL, Appellee.
No. 76-50.
District Court of Appeal of Florida, Fourth District.
January 7, 1977.
Rehearing Denied February 22, 1977.
*1013 Harry S. Raleigh, Jr., and Paul Lucas of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant.
Karen Kugell and Philip S. Anderson of Anderson & Anderson, Fort Lauderdale, for appellee.
ALDERMAN, Judge.
The determinative issue in this appeal is whether Sam Bethel's claim for damages against Broward National Bank of Fort Lauderdale is barred by the Statute of Frauds. His claim is based upon an alleged negligent misrepresentation by the Bank. Trial was held and the jury returned a verdict in favor of Mr. Bethel, assessing his damages at $2,200.00.
Mr. Bethel in his complaint alleged that pursuant to an oral agreement with the Bank, he took possession of and improved certain land for the purpose of opening a restaurant with the assurance that the land would be available to him for three years. This assurance, he contends, was a material misrepresentation because after he had expended various sums of money to improve the land, but before he was actually able to open his restaurant, he was advised by the Bank that, notwithstanding any prior agreements, he must now vacate the premises. The alleged negligence on the part of the Bank was that it failed to properly conduct its business in a manner which comports with the standards of reputable banking businesses.
We need not reach the question of whether the complaint stated a cause of action because in this case any cause of action is clearly barred by the Statute of Frauds. Mr. Bethel contends that he is suing to recover damages for negligent misrepresentation, but in reality he is seeking indirectly to recover damages predicated upon the breach of an oral lease of land for a period in excess of one year. This he may not do. Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953); Ostman v. Lawn, 305 So.2d 871 (Fla.3d DCA 1974); but see Connelly v. Merritt, 273 So.2d 7 (Fla. 1st DCA 1973).
REVERSED and REMANDED with instructions that the final judgment in favor of Sam Bethel be vacated and that final judgment be entered in favor of Broward National Bank of Fort Lauderdale.
MAGER, C.J., and STETTIN, HERBERT, Associate Judge, concur.