75525. BUSINESS RESOURCES, INC. et al. v. GENERAL
AMUSEMENTS, INC. et al.

(366 SE2d 819)

CARLEY, Judge.

Appellant-defendant Business Resources, Inc. (BRI) entered into contracts whereby it agreed to undertake the placement and the management of video games which were owned by appellee-plaintiffs. Subsequently, appellant BRI purported to assign to another its rights under the contracts with appellees. Thereafter, when they ceased receiving payments under the contracts from either appellant BRI or its purported assignee, appellees filed this tort action, seeking damages under three theories: fraud in the procurement of the contracts; conversion; and, negligence. As against appellant BRI and its two agents, William Dashiell and appellant-defendant Carol Speer, the case was submitted to the jury on all three theories. The jury returned a general verdict which awarded damages, punitive damages, and attorney's fees in favor of appellees and against all three defendants. Appellants BRI and Speer appeal from the judgments entered by the trial court on the jury's verdict.

1. Appellants assert that the trial court erroneously permitted "the case to go to the jury without ruling as a matter of contractual construction that appellant, [BRI], had a right to assign these contracts for lease of video games." This enumeration is based upon one of several "motions for partial directed verdict" which appellants made at the close of appellees' evidence.

This was a tort case and, as such, it *never* involved any dispute as to the *construction* of the underlying contracts. The record shows that the trial court repeatedly held, throughout the trial, that the assignment clause was completely clear and unambiguous, and it consistently refused to permit appellees to present any evidence indicating an arrangement contrary to that provision of the contracts. Accordingly, the trial court, in its charge, correctly refrained from submitting the issue of contractual construction to the jury. It necessarily follows that, if appellants were ultimately entitled to the grant of their motion for a directed verdict, it would certainly not be as the result of the construction of any provision in the contracts. Appellants would be entitled to a directed verdict only if appellees had not met their evidentiary burden of proof as to the necessary elements of their cause of action in tort against appellants. Accordingly, the trial court did not err in holding, in effect, that, as to the issue of contractual construction, appellants' motion for a partial directed verdict was

irrelevant and that the general grounds of appellees' recovery in tort was the only relevant inquiry.

Our own review of the general grounds would likewise be limited to appellees' recovery in tort and that review would be further limited by appellants' enumerations of error. Of appellants' enumerations of error, only one raises the general grounds of appellees' recovery in tort. That enumeration addresses only the fraud count and, as to the several elements of actionable fraud, appellants urge only the lack of sufficient evidence of appellees' reasonable reliance upon the allegedly fraudulent representations which were made to them.

" 'Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence.' [Cits.] 'Where the basis upon which the contract was entered upon lies in the existence or nonexistence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto, when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth. [Cits.]' [Cits.] 'We are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief unless, before acting upon such a statement, he had exhausted all means at his command to ascertain its truth. . . .' [Cits.] 'The right to rely on representations is generally conceded where the hearer lacks equal facilities for ascertaining the truth, as where the facts are peculiarly within the knowledge of the speaker and are difficult for the hearer to ascertain, . . . where the employment of an expert would be required, or where from the circumstances attending the transaction the hearer is compelled to rely on the speaker's statements. . . . To come within this rule it is not, however, necessary that the fact misrepresented should have been exclusively within the speaker's knowledge.' [Cit.] 'Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury.' [Cits.]" *Daugert v. Holland Furnace Co.*, 107 Ga. App. 566, 569-570 (130 SE2d 763) (1963). See also *Macon Chrysler-Plymouth v. Sentell*, 179 Ga. App. 754 (1) (347 SE2d 639) (1986); *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747 (1) (266 SE2d 531) (1980).

At trial, appellees offered evidence which was sufficient to render the question of the reasonableness of their reliance upon the alleged misrepresentations a matter for the jury to determine. See *Daugert v. Holland Furnace Co.*, supra. Accordingly, this enumeration of error is

without merit.

2. Appellants enumerate as error the trial court's refusal to permit the impeachment of a witness through presentation of evidence of his prior criminal convictions and guilty pleas. However, the record shows that the evidence which appellants proffered in this regard was in the form of statements made by the witness himself during his deposition. "While a witness may be impeached by competent proof of conviction of a crime involving moral turpitude [cit.] this competent proof is the record of the witness' conviction or plea of guilty. It is not competent to prove by the witness that he entered a plea of guilty. [Cit.]" *Cross v. State,* 136 Ga. App. 400, 405 (6) (221 SE2d 615) (1975). " 'A witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the court in which he was convicted.' [Cit.]" *Clarke v. State,* 239 Ga. 42, 44 (3) (235 SE2d 524) (1977). Inasmuch as appellants never proffered an authenticated or certified copy of the witness' convictions or guilty pleas, this enumeration is without merit.

3. Appellants enumerate as error the trial court's allowing "the case to go to the jury as to the appellees' claim for lost profits, both appellees having failed to present sufficient evidence as to a claim for lost income to create a jury issue."

Contrary to appellants' assertions, the record does not show that a motion for a directed verdict as to the nonrecoverability of lost profits was ever made. What the record does show is that the case was submitted to the jury without the trial court ever giving a charge on the recoverability of lost profits as an element of damages. Accordingly, this enumeration of error presents nothing for review.

4. Remaining enumerations of error, not otherwise specifically addressed, have been considered and found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988.

*Noel H. Benedict,* for appellants.
*Robert P. Wilson, Gary C. Harris,* for appellees.