A92A1983. STUDDARD et al. v. GEORGE D. WARTHEN BANK et al.

(427 SE2d 58)

CARLEY, Presiding Judge.

Alleging that appellee-defendants had breached an agreement to loan them $80,000, appellant-plaintiffs brought suit to recover in fraud and contract. Appellees answered and counterclaimed, seeking to recover on notes which were allegedly in default. After discovery, appellees moved for summary judgment on their own counterclaim as well as on appellants' main claim. The trial court granted summary judgment in favor of appellees and appellants appeal.

1. Construing the evidence most favorably for appellants, they borrowed $40,000 from appellees pursuant to an *oral* extension of a $120,000 line of credit, but were subsequently denied the additional $80,000 when they sought to borrow it. However, such a commitment to lend appellants money would have to be evidenced by a *writing* signed by appellees. OCGA § 13-5-30 (7). The fact that appellees did loan appellants $40,000, as evidenced by a note, would not serve to take the alleged oral agreement outside the Statute of Frauds. "In order to remove the alleged oral contract from the Statute of Frauds '(t)he part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract.' [Cit.]" *Katz v. Custom Spray Products*, 168 Ga. App. 451, 452 (309 SE2d 663) (1983). The act of lending appellants $40,000 may be entirely consistent with an agreement to lend them an additional $80,000, but it is not at all inconsistent with the lack of an agreement to lend them any additional sum whatsoever. The lending of $40,000 in no way tends to prove that appellees agreed to the oral contract that appel-

lants seek to enforce. See *Valiant Steel & Equip. v. Roadway Express*, 205 Ga. App. 237, 239 (2) (421 SE2d 773) (1992). To hold that the mere act of lending *any* sum to a borrower will serve to render enforceable an alleged oral agreement to lend some *additional* sum would negate OCGA § 13-5-30 (7) and have the anomalous effect of subjecting the lenders of this state to potentially fraudulent claims despite the protection ostensibly afforded them under the Statute of Frauds. It follows that the trial court correctly granted summary judgment in favor of appellees as to appellants' contract claim.

2. The trial court likewise correctly granted summary judgment in favor of appellees as to appellants' fraud claim. "Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place ([cits.]), fraud cannot be predicated on a promise which is *unenforceable at the time it is made*. [Cits.]" (Emphasis supplied.) *Beasley v. Ponder*, 143 Ga. App. 810 (240 SE2d 111) (1977). The instant alleged oral contract was unenforceable at the time it was purportedly made because it was not in writing as required by OCGA § 13-5-30 (7). Obviously, one cannot sue in fraud based upon the alleged breach of an oral contract which would itself be unenforceable under the Statute of Frauds. See *Royal v. Bland Properties*, 175 Ga. App. 250, 251 (2) (333 SE2d 145) (1985).

3. With regard to appellees' counterclaim, there is no dispute either as to the execution of the notes or as to appellants' default thereon. In the original and supplementary evidence offered in support of the motion for summary judgment, appellees showed the amounts of unpaid principal and interest that were owing on the notes. In opposition, appellants offered nothing to demonstrate the existence of any *genuine* issue of *material* fact. It follows that summary judgment was properly granted in favor of appellees.

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*The Groover Firm, Lewis M. Groover, Jr.*, for appellants.
*Alston & Bird, Jennifer B. Moore, Ben F. Johnson III*, for appellees.