**BRECKENRIDGE CRESTE APART-MENTS, LTD., a limited partnership, Plaintiff,**

v.

**CITICORP MORTGAGE, INC., Defendant.**

Civ. No. 1:92–CV–2029–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

June 24, 1993.

James E. Stephenson, Smith Currie & Hancock, Atlanta, GA, for plaintiff.

W. Rhett Tanner, Gregory R. Hanthorn, Carol M. Kayser, Jones Day Reavis & Pogue, Atlanta, GA, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion to Dismiss [6], Plaintiff's Motion for Leave to File Amended Complaint [11], Defendant's Motion to Supplement its Prior Reply Memorandum with Recent Authority [19], and Defendant's Motion to Dismiss Amended Complaint [9]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that this action should be dismissed.

## BACKGROUND

Plaintiff, Breckenridge Creste Apartments, Ltd., developed, built, and owns an apartment complex. (Am.Compl. ¶ 4). To finance the complex, Plaintiff signed a "standby commitment letter" dated May 24, 1991 ("the Letter") sent by Defendant, Citicorp Mortgage, Inc., whereby Defendant agreed to lend to Plaintiff an amount to be later determined by a detailed analysis of the estimated income, expenses, and appraisal value of the property. (*Id.* ¶ 7 & Ex. A). The standby commitment had a twelve month term, and Plaintiff was required to notify Defendant of its intention to exercise the commitment within sixty days of the standby commitment's expiration. (*Id.* Ex. A). Plaintiff paid $78,500 as a non-refundable fee for Defendant's standby commitment. (*Id.* ¶ 14). The Letter set the maximum permanent loan offer at $5,250,000. (*Id.* Ex. A). Based on its appraisal, however, Defendant set the actual loan offer at $4,875,000, which was unacceptable to Plaintiff because of its construction loan commitments. (*Id.* ¶ 20).

Consequently, Plaintiff filed a diversity action [1] with the Court claiming that

1. The Federal Rules of Civil Procedure provide that "the district courts shall have original jurisdiction where the matter in controversy exceeds the sum or value of $50,000, ... and is between citizens of different States." 28 U.S.C. § 1332(a). For purposes of this Rule, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presumption of citizenship, however, does not extend to unincorporated associations such as limited partnerships. 13B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3630, at 682 (2d ed. 1984). To determine the citizenship of a limited partnership, the U.S. Supreme Court recently explained that the limited partnership is not a citizen of any state, and that the citizenship of all general and limited partners must be considered to determine diversity. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In the case at bar, Plaintiff's partners are citizens of Georgia, and Defendant is incorporated in Delaware with

Defendant's failure to offer the specific loan amount of $5,250,000 constituted breach of contract, fraudulent inducement to contract, and negligent misrepresentation. Plaintiff alleges that the essential terms of the contract are partially expressed in the Letter of May 24, 1991, and that the additional terms can be supplied through parol evidence. (Am.Compl. ¶¶ 7–9, 13). Plaintiff claims to have incurred actual damages that exceed $291,250. (*Id.* at ¶ 25).

Rather than answer the Complaint, Defendant moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Subsequently, Plaintiff moved for leave to file an Amended Complaint in accordance with Rule 15(a). In response to the Amended Complaint, Defendant again moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). In its latest motion, Defendant moved to supplement its Prior Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Prior Reply Memorandum").

## DISCUSSION

### A. *Plaintiff's Motion to Amend*

■ The Federal Rules of Civil Procedure provide that "a party may amend [its] pleading only by leave of the court ..., and leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). "Courts have interpreted these provisions liberally, in line with the Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir.1975).[2] In explaining the amendment standard, the Eleventh Circuit Court of Appeals has observed that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir.1989). To determine whether there is a substantial reason to deny leave to

its principal place of business in Missouri. (Am. Compl. ¶ 1). Because the alleged damages exceed $50,000, complete diversity is established and the Court has subject matter jurisdiction over the controversy. (*Id.* ¶ 3).

amend, the district court should consider the following factors: (1) undue delay, bad faith, or dilatory motive on the part of the movant, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of allowance of the amendment, and (4) futility of amendment. *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir.1990).

Defendant does not oppose Plaintiff's motion to amend its Complaint, (Def.'s Mem. in Resp. to Pl.'s Mot. for Leave to File Am. Compl. at 1), and there is no obvious or substantial reason that warrants denial of the motion. Accordingly, the Motion to Amend the Complaint is granted.

### B. *Defendant's Motion to Supplement*

■ Defendant requested the Court's leave to supplement its Prior Reply Memorandum with a recently decided case from the Georgia Court of Appeals, *Studdard v. George D. Warthen Bank*, 207 Ga.App. 80, 427 S.E.2d 58 (1993). In *Studdard*, the Georgia Court of Appeals affirmed a lower court decision that determined that the statute of frauds bars recovery for breach of contract and fraud where the breach is of an alleged oral promise to extend a specific amount of credit. *Id.* Despite the existence of a writing for a loan for $40,000, the court held that the statute of frauds barred the admissibility of an oral promise to lend an additional $80,000, as the loan for $40,000 did not establish the truth of the oral promise to lend the additional $80,000. *Id.* at 81, 427 S.E.2d 58.

In the present case, Defendant disputes the existence of a contract based on a statute of fraud defense for a part written and part oral promise to lend money. (Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 3–7). Thus, the *Studdard* decision is relevant to the issues to be decided. Because *Studdard* was decided after the Prior Reply Memorandum was submitted to the Court, there is no

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

obvious bad faith in Defendant's motion to supplement, nor is there undue prejudice to Plaintiff in allowing supplementation. Hence, in the interest of justice, the Motion to Supplement is granted.

### C. Motion to Dismiss

■ For purposes of a Rule 12(b)(6) motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations of material facts are taken as true. *Harris v. Menendez,* 817 F.2d 737 (11th Cir.1987). To determine whether to grant a Rule 12(b)(6) motion to dismiss, the court primarily considers the allegations in the pleadings, although exhibits attached to the complaint may also be taken into account. *Case v. State Farm Mutual Auto. Ins. Co.,* 294 F.2d 676 (5th Cir.1961); *Jacksonville Newspaper Printing Pressmen & Assistants' Union No. 57 v. Florida Publishing Co.,* 340 F.Supp. 993, 995 (M.D.Fla.), *aff'd,* 468 F.2d 824 (5th Cir.1972), *cert. denied,* 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196 (1973). *See also* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 299 (2d ed. 1984).

### 1. Breach of Contract

■ In Georgia, the construction and interpretation of a written contract is a matter of law. *Maggard Truck Line, Inc. v. Deaton, Inc.,* 573 F.Supp. 1388, 1392 (N.D.Ga.1983), *aff'd in part mem.,* 783 F.2d 203 (11th Cir.1986). Thus, when the contract is attached to the complaint as an exhibit, dismissal is appropriate if the court finds that no possible relief can be granted under any construction of the contract sued upon. *Florida Publishing Co.,* 340 F.Supp. at 995.

■ Plaintiff alleges that the Letter drafted by Defendant and signed by both parties partially reflected an executory contract that committed Defendant to offer a loan of $5,250,000. (Am.Compl. ¶ 7). The Amended Complaint alleges that Defendant made oral promises that the full amount of the loan would be offered, and that these promises induced Plaintiff to sign the Letter and pay the $78,750 non-refundable fee. (*Id.* ¶¶ 13–15). Defendant, on the other hand, argues that the commitment fee is merely the cost to *consider* the loan application in the future, and that the statute of frauds bars a breach of contract action because the essential terms of a present contract to lend money are not evidenced by a writing. (Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 4).

After considering the Letter of May 24, 1991 (which was attached to the Amended Complaint as an exhibit) and taking Plaintiff's allegations of material facts as true, the Court concludes that the Letter is at most a present promise to extend an offer of a loan for an amount to be determined upon the completion of a detailed analysis of Plaintiff's ability to meet its loan obligations. The Letter unambiguously states that the maximum loan amount to be considered is $5,250,000. The use of the word "maximum" implies that a lesser amount is contemplated by the parties conditioned on the completion of the detailed analysis of Plaintiff's financial ability to meet its loan commitments.

■ Nevertheless, Plaintiff alleges that Defendant made oral promises that establish an enforceable contract to lend the maximum amount contemplated by the standby agreement. Georgia contract law, however, requires that in order to bind the promisor of any commitment to lend money, the promise must be in writing and signed by the party to be charged therewith. GA.CODE ANN. § 13–5–30(7) (Michie 1982). Every essential element of the contract must be in writing, and a written memorandum cannot depend upon parol evidence to supply any necessary terms of the contract. *Smith v. Cox,* 247 Ga. 563, 277 S.E.2d 512, 513 (1981) (part performance exception to the statute of frauds affirmed on an oral and written lease-purchase agreement for the sale of land where the seller accepted rent payments).

■ Full or partial performance by a party, however, may remove the promise from the statute. *Id.* 277 S.E.2d at 513; GA.CODE ANN. § 13–5–31 (Michie 1982). Nevertheless, such performance must be essential to the terms of the contract sued upon, and substantial enough to result in a detriment to one party and a benefit to the other to such an extent that the refusal to enforce the contract will result in fraud. *Hudson v.*

*Venture Indus., Inc.,* 243 Ga. 116, 252 S.E.2d 606, 608 (1979) (part performance exception to the statute of frauds denied on a five year oral employment contract where the employee worked for two years). Acts that are merely preparatory or preliminary to the performance of a contract do not remove the promise from the statute of frauds as they do not tend to prove the terms of the contract sued upon. *Id.* 252 S.E.2d at 608. Even though an act's status as part performance is a question of fact, *Smith,* 277 S.E.2d at 513, the act performed must further the contract sued upon as a matter of law. *Hudson,* 252 S.E.2d at 608.

 In this regard, Plaintiff's payment of the commitment fee constituted a performance only on Defendant's present agreement to extend an *offer* of a loan in the future, not on a present agreement to offer a specific loan amount. The Letter, while arguably a valid contract for a promise to offer a future loan, was merely preparatory to the actual loan because the Letter does not supply such essential terms as the specific loan amount. The Letter merely provides that the amount to be offered is to be determined by a detailed analysis of Plaintiff's ability to meet its loan obligations. (Am.Compl.Ex. A). Thus, Plaintiff's performance was consideration for Defendant's promise to offer a specific loan contract in the future, not in consideration for the underlying loan contract itself. To hold otherwise would negate the protection of the statute of frauds and make the detailed investigation unnecessary, as Plaintiff's ability to meet its loan commitment would not be taken into account in the determination of the specific loan amount.

Plaintiff further urges that the parties have established a course of dealing which permits the inference of the essential terms of the contract through prior dealings and oral promises. (Am.Compl. ¶ 8; Pl.'s Resp. to Def.'s Mot. to Dismiss at 28–29). Apparently, Plaintiff's general partners borrowed money from Defendant on one other occasion to finance another apartment complex. (Am. Compl. ¶ 5). In the previous loan agreement, the writings were more explicit and better explained that the proposal was not a commitment to fund a loan. (*Id.*).

According to Georgia law, "[a] course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expression and other conduct." GA.CODE ANN. § 11–1–205(1) (Michie 1982). Nevertheless, "[t]he express terms of an agreement and an applicable course of dealing ... shall be construed wherever reasonable as consistent with each other," and if "such construction is unreasonable [the] express terms control." *Id.* § 11–1–205(4).

 The prior agreement was not attached to Plaintiff's Complaint as an exhibit. Thus, it may not be properly considered on a Rule 12(b)(6) motion to dismiss. *Case v. State Farm Mutual Auto. Ins. Co.,* 294 F.2d 676 (5th Cir.1961); *Florida Publishing Co.,* 340 F.Supp. at 995. Nevertheless, taking the mere allegation of a similar dealing as true, the Court concludes that there is no course of dealing in this case, as a single transaction does not constitute a course of dealing. *Unique Designs, Inc. v. Pittard Machinery Co.,* 200 Ga.App. 647, 653, 409 S.E.2d 241, 246 (1991) (concluding that the plain and unambiguous language of § 11–1–205(1) mandates that the sale of a single lathe, which occurred more than two years prior to the transaction in issue, is not a 'sequence of previous conduct'); U.C.C. § 1–205(1) (1981). Regardless of its truth, any single dealing will fail to establish an inference of the essential terms of a present contract, as the previous dealing is inadmissible parol evidence. *Unique Designs, Inc.,* 200 Ga.App. at 653, 409 S.E.2d at 246. Therefore, the Court concludes that Plaintiff failed to state an actionable claim for breach of contract because it failed to establish the existence of the contract sued upon.

In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff adds the allegation that, in the absence of an enforceable contract, Count I states a claim for unjust enrichment or money had and received. (Pl.'s Resp. to Def.'s Mot. to Dismiss Am.Compl. at 8–9). Because this claim was not properly pleaded, the Court declines to entertain it. Moreover, even presuming Plaintiff is correct in its assertion that an unjust enrichment claim is contained in Count I, that Count still fails to state an actionable cause of action

because Plaintiff received the benefit of its bargain by virtue of Defendant's offer to extend a loan in the amount of $4,875,000. As previously discussed, Plaintiff received the performance bargained for and agreed to in the Letter, and Defendant has not been unjustly enriched beyond that to which the parties agreed.

### 2. *Fraud in the Inducement*

In addition to its breach of contract claim, Plaintiff alleges fraud in the inducement of a contract. Under Georgia law, proof of fraud in the inducement requires evidence of "a misrepresentation by defendant of a material existing fact, with knowledge that it was false or with reckless disregard as to whether it was true, with intent to deceive plaintiff, and plaintiff acted upon the misrepresentation in reasonable reliance upon its veracity in a manner which caused a proximate injury." *Management Assistance, Inc. v. Computer Dimensions, Inc.,* 546 F.Supp. 666, 671 (N.D.Ga.1982), *aff'd sub nom, Computer Dimensions v. Basic Four,* 747 F.2d 708 (11th Cir.1984).

The fraud claim alleges that Plaintiff reasonably and justifiably relied, to its detriment, on Defendant's misrepresentation that if Plaintiff paid the commitment fee, provided financial information, replaced lost and misplaced copies of documents and applications, and refrained from seeking alternate loan sources, Defendant would offer the specific loan amount Plaintiff sought. (Am.Compl. ¶¶ 27–31). The detriment results from the loss of the commitment fee along with approximately $200,000 in additional permanent financing costs that will be incurred through alternate loan sources. (*Id.* ¶ 32).

As a general rule, the issue of whether a party's reliance is reasonable and justified is a question of fact to be determined by the factfinder. *Business Resources, Inc. v. General Amusements, Inc.,* 186 Ga.App. 185, 366 S.E.2d 819, 821 (1988) (claim for fraudulent inducement to enter an otherwise valid contract). However, under Georgia law a fraud claim cannot, as a matter of law, be founded on a promise that fails to satisfy the statute of frauds. *Studdard v. George D. Warthen Bank,* 207 Ga.App. 80, 81, 427 S.E.2d 58 (1993); *Richard A. Naso & Assoc., Inc. v. Diffusion,* 194 Ga.App. 201,

390 S.E.2d 106, 108 (Ga.App.1990) (denial of a claim for fraud based on the termination of an oral promise to continue a sales agreement for more than one year). Because the oral promises made by Defendant and relied on by Plaintiff relate to ·a commitment to lend money, they fail to satisfy Georgia's statute of frauds and, as a matter of law, are only enforceable if the essential terms are reduced to a writing. GA.CODE ANN. § 13–5–30(7) (Michie 1982).

### 3. *Negligent misrepresentation*

The Amended Complaint also alleges that Defendant recklessly supplied false information to Plaintiff during the course of soliciting and negotiating the commitment agreement. (Am.Compl. ¶ 34). Plaintiff alleges that Defendant did so with the purpose of misleading Plaintiff as to Defendant's true intent not to lend the maximum loan amount stated in the Letter. (*Id.* ¶ 35).

Georgia law recognizes a cause of action for negligent misrepresentation. *Robert & Co. Assoc. v. Rhodes–Haverty Partnership,* 250 Ga. 680, 300 S.E.2d 503 (1983). Adopting the Restatement of Torts approach, the Georgia courts have held that "one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Id.* at 681 n. 1, 300 S.E.2d 503.

Because negligent misrepresentation is essentially a species of fraud, the Court concludes that one should not be permitted to bypass the statute of frauds with a negligent misrepresentation claim where recovery on the same claim would be barred in fraud or contract. Although the Georgia courts have apparently not ruled on this issue, the Florida Court of Appeals has held that the statute of frauds bars the indirect recovery of damages for the breach of an oral contract through an action for negligent misrepresentation. *Broward Nat'l Bank v. Bethel,* 341 So.2d 1012, 1013 (Fla. 4 DCA 1977) (holding

that the statute of frauds barred an action for negligent misrepresentation where plaintiff made improvements to land in reliance of defendant's oral promise to make the land available to plaintiff in three years). This Court concludes that the Florida Court's view that a negligent misrepresentation claim cannot, as a matter of law, be founded on a promise that fails to meet the statute of frauds is well-reasoned, as there is no apparent reason why a plaintiff should be able to recover on a negligent misrepresentation claim when a fraud or contract claim based on the same facts would be barred. Accordingly, Plaintiff's claim for negligent misrepresentation is dismissed for failure to state a claim because the statute of frauds bars the indirect recovery of damages for breach of an oral promise to lend money.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [6] is **DENIED AS MOOT**, Plaintiff's Motion for Leave to File Amended Complaint [11] is **GRANTED**, Defendant's Motion to Supplement Prior Reply Memorandum with Recent Authority [19] is **GRANTED**, and Defendant's Motion to Dismiss Amended Complaint [9] is **GRANTED**.

SO ORDERED.