[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10116
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00130-JRH-WLB

LISA DESOUZA,

Plaintiff - Appellant,

versus

FEDERAL HOME MORTGAGE CORP.,
d.b.a. Freddie Mac,
J.P. MORGAN CHASE BANK, N.A.,
OCWEN LOAN SERVICING, LLC,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 16, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Lisa DeSouza, proceeding *pro se*, appeals the dismissal with prejudice of her wrongful foreclosure and fraud claims in her amended and second amended complaints against Federal Home Mortgage Corporation d/b/a Freddie Mac, OCWEN Servicing, LLC, and J.P. Morgan Chase Bank, N.A. After review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Seeking to generate rental income, Ms. DeSouza purchased a property in Augusta, Georgia. She financed the purchase with a loan from Washington Mutual Bank. Following a drop in rental revenue, Ms. DeSouza defaulted on the loan. By letter dated February 23, 2009, Washington Mutual informed Ms. DeSouza that she had been approved for a forbearance agreement under which, if she made payments in March, April, and May, the bank offered to "reevaluate  [her] application for assistance" and determine whether it could "offer [her] a permanent workout solution to bring [the] loan current." The letter also stated that, unless otherwise indicated, "[a]ll of the original terms of [the] loan remain in full force and effect[.]" The loan was subsequently acquired by Chase Bank, which mailed Ms. DeSouza a notice of foreclosure to the Augusta property on December 4,

2009. Chase purchased the property at the foreclosure sale and subsequently conveyed its interest to Freddie Mac.

Ms. DeSouza bought a second rental property in Hephzibah, Georgia and financed this purchase with a loan from Taylor, Bean, & Whitaker Mortgage Corporation that was ultimately acquired by OCWEN. As was the case with the Augusta property, Ms. DeSouza defaulted on her loan, and a notice of foreclosure was addressed to her at the Hephzibah property. OCWEN purchased the property and subsequently turned over all of its interest to Freddie Mac.

Ms. DeSouza brought a wrongful foreclosure claim against Freddie Mac in federal district court. After the district court dismissed her initial complaint, she amended her complaint to assert, among other things, fraud and wrongful foreclosure claims against Chase, OCWEN, and Freddie Mac, alleging that they provided deficient notices of foreclosure under O.C.G.A. § 44-14- 162.2(a) and defrauded her out of her property. The district court held that the notices of foreclosure satisfied Georgia's statutory requirements and thus dismissed her wrongful foreclosure claim with prejudice. It dismissed her fraud claim without prejudice to allow her the opportunity to re-plead it with particularity, as required by Federal Rule of Civil Procedure 9(b).

In her second amended complaint, Ms. DeSouza alleged that Washington Mutual and Chase fraudulently represented in the temporary forbearance letter that

they would not foreclose on her property, and that a telephone conversation with an agent for an unspecified defendant led her to believe that she would be able to retain her property while participating in the temporary forbearance plan. The district court dismissed the fraud claim with prejudice, reasoning that Ms. DeSouza could not establish that the defendants made false representations. The district court concluded that the temporary forbearance letter made clear that Ms. DeSouza would be entitled to temporary relief from the Chase Loan only between March and May of 2009. Since the foreclosure did not occur until after this time period there was no fraud on the part of the defendants. It likewise held that Georgia's statute of frauds precluded her reliance on oral representations as a basis for a fraud claim.

Ms. DeSouza now appeals the dismissal with prejudice of her wrongful foreclosure and fraud claims.

## II

We review *de novo* a district court's dismissal under Rule 12(b)(6) for failure to state a claim. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Although the complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, however, a court may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although review of a motion to dismiss is typically limited to the four corners of the complaint, a court may also consider documents that the plaintiff refers to in her complaint and that are "central to the plaintiff's claim." *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997).

## III

On appeal, Ms. DeSouza contests the district court's dismissal of her wrongful foreclosure claim, contending that the foreclosure notices that Chase and OCWEN issued were legally insufficient. She also contends that the district court

5

erroneously dismissed her fraud claim for failure to allege that the defendants made a false representation.[1]

## A

Ms. DeSouza argues that the district court erred in dismissing her wrongful foreclosure claim after ruling that the notices of foreclosure she received were sufficient as a matter of law. Ms. DeSouza maintains that the notices were defective because Chase and OCWEN mailed their respective notices of foreclosure to the rental properties and not to her California residential address, in violation of O.C.G.A. § 44-14- 162.2(a).[2]

To prevail on a wrongful foreclosure claim under Georgia law, the plaintiff must establish that the defendant violated Georgia's foreclosure statutes. *McCarter v. Bankers Trust Co.*, 543 S.E. 2d 755, 758 (Ga. Ct. App. 2000). Under O.C.G.A. § 44-14-162.2 (a), a foreclosure "notice shall be in writing and shall be sent… to the property address or to such other address as the debtor may designate by written notice to the secured creditor." O.C.G.A. § 44-14-162.2 (a).

---

[1] Ms. DeSouza also argues for the first time on appeal that defendants breached their duty to act in good faith under the Georgia Fair Trade Act. Because she failed to raise this argument before the district court, however, it has been forfeited. *See Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

[2] Ms. DeSouza also maintains that the lenders' defective notices violated her due process rights, but a private foreclosure sale does not implicate the Due Process Clause because it does not involve state action. *See Roberts v. Cameron- Brown Co.*, 556 F.2d 356, 358-60 (5th Cir. 1997) (finding no due process violation in private foreclosure sale because there was no state action nexus).

Ms. DeSouza argues that the lenders' knowledge of her residential address in California "triggered a duty… to send notice" there. But the Georgia Court of Appeals rejected this very argument in *Zeller v. Home Federal Savings & Loan Association of Atlanta*, 471 S.E. 2d 1 (Ga. App. 1996). There, the Court of Appeals held that, even though the bank had actual knowledge of the borrower's new address, the plaintiff's "failure to provide written notice to [the bank] of her [residential] address as required by OCGA § 44-14-162.2(a) defeats her contention that [the bank] was obligated to notify her at [that] address." *Id*. at 2. Ms. DeSouza has failed to plead that she gave the lenders written notice that all mailings should be sent to her residential address in California. Ms. DeSouza's allegation that the lenders had knowledge of her California Residence therefore does not affect the validity of the notices of foreclosure.

**B**

Ms. DeSouza also contends that the district court erred in dismissing her fraud claim for failure to plead misrepresentation with particularity. A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, the plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by

the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). This heightened pleading requirement ensures that the defendants know of the "precise misconduct with which they are charged and protect[s] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

Ms. DeSouza first maintains that she sufficiently alleged that Washington Mutual and Chase intentionally misled her into believing that the Augusta property was safe from foreclosure through the terms of the temporary forbearance letter, which permitted her to make lowered payments during March, April, and May of 2009 in exchange for a re-evaluation of her loan modification application. Although she contends that the purported promises included in the temporary forbearance letter amounted to false representations, the letter, by its own terms, merely presented an offer of "temporary relief" from loan payments and "reevaluat[ion]" of her modification application, as opposed to offering to modify or forgive her loan outright. The letter likewise stipulated that the "original terms of [the] loan remain in full force and effect[.]" Moreover, Chase did not issue a notice of foreclosure or actually foreclose on the property until long after the three-month period specified in the letter.  As such, the letter, which promised only temporary relief, contained no misrepresentation, and hence cannot form the basis for a fraud claim.

8

We likewise reject Ms. DeSouza's argument that false assurances made over the telephone concerning her ability to make her modification permanent constitute false representations sufficient to state a fraud claim. Under Georgia's statute of frauds, "any contract for sales of lands, or any interest in, or concerning lands" and "any commitment to lend money" must be in writing and signed. O.C.G.A. § 13-5-30(4) and (7). Mortgage agreements and modifications are therefore subject to the statute of frauds. *See Allen v. Tuker Fed. Bank*, 510 S.E. 2d 546, 547 (Ga. Ct. App. 1998); *Jarman v. Westbrook*, 67 S.E. 403, 404 (Ga. 1910). A plaintiff cannot sue to enforce a promise that fails to satisfy the statute of frauds. *Studdard v. George D. Warthen Bank*, 427 S.E. 2d 58, 59 (Ga. Ct. App. 1993). An oral promise to modify mortgage terms such as the one Ms. DeSouza alleges fails to satisfy the Georgia statute of frauds and is therefore unenforceable. O.C.G.A. § 13-5-30(4) and (7); *Studdard*, 427 S.E. 2d at 59.[3]

## IV

The district court's dismissal of Ms. DeSouza's wrongful foreclosure and fraud claims is affirmed.

**AFFIRMED.**

---

[3] Nor are Ms. DeSouza's allegations regarding the content of, timing of, or participants in the purported conversation pled with the particularity required under Rule 9(b). *See Am. Dental Ass 'n.*, 605 F.3d at1291; Fed. R. Civ. P. 9(b).