[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10519
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 8, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01149-CV-WSD-1

BMC-THE BENCHMARK MANAGEMENT COMPANY,

Plaintiff-Appellant,

versus

CEEBRAID-SIGNAL CORPORATION, a Florida corporation,
CEEBRAID ACQUISITION CORPORATION, a Delaware
corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 8, 2008)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

This case arises out of a dispute between a hotel management company and a purchaser of the Georgian Terrace Hotel ("the Hotel"). The Plaintiff BMC-The Benchmark Management Company ("Benchmark") had managed the Hotel in Atlanta, Georgia, since 2002. In the summer of 2004, the "Ceebraid Defendants"[1] began efforts to purchase the Hotel. All the "Fremont Defendants"[2] except Fremont Strategic Property Partners II, LP, the nature of whose involvement in the deal the parties dispute, were involved in the purchase of the Hotel as either lenders or equity investors. An entity controlled by the Ceebraid Defendants purchased the Hotel on March 18, 2005.

In connection with the purchase of the Hotel, Benchmark prepared a two-page agreement (the "Agreement") which Ceebraid Acquisition Corporation signed on or about November 1, 2004. The Agreement stated:

> The initial term of this agreement will be six (6) months. During this time period, it is the intent of both parties to utilize their best efforts to negotiate and put in place a long term management agreement for the property.

(R.7-225, Ex. 2.)

---

[1] Ceebraid-Signal Corporation, Ceebraid Acquisition Corporation, Georgian Terrace Limited Partnership, CSC Georgian Terrace Limited Partnership, CSC Georgian Terrace GP Corporation, Georgian Terrace GP Corporation, Richard Schlesinger, and Adam Schlesinger.

[2] Fremont Realty Capital LP, FSSP II Georgian LLC, Fremont Strategic Property Partners II, LP, FSSP II Georgian Lender, LLC, and Frederick Zarrilli.

The parties ultimately failed to enter into a written agreement for long-term management.

After the Ceebraid Defendants declined to retain its management services, Benchmark sued the Ceebraid Defendants on May 2, 2005.[3] Benchmark's principal claim was that the Ceebraid Defendants committed fraud in inducing the Agreement, in their refusal to negotiate a long-term management agreement, and in inducing Benchmark to continue managing the hotel only on an interim basis after the Agreement was signed. Benchmark also asserted claims of fraud for failure to pay for goods and services, for civil conspiracy, for aiding and abetting fraud, and for unjust enrichment.

The Ceebraid Defendants moved to dismiss all counts. The district court granted that motion as to the fraud count relating to a failure to pay for goods and services, but denied it as to all other counts.[4] On August 1, 2006, Benchmark filed

---

[3] The complaint, a 41-page, 77-paragraph document, is precisely the type of "shotgun" pleading that we have roundly—and repeatedly—condemned. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-83 (11th Cir. 2008); *United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354-55 n.6 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330-31 n.22 (11th Cir. 2004); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

[4]Benchmark does challenge this order on appeal.

an Amended Complaint, adding a count against the Ceebraid Defendants for breach of contract , and adding a tortious interference claim against the Fremont Defendants.

The Ceebraid Defendants and Fremont Defendants moved for summary judgment. The district court ultimately granted the Defendants summary judgment with respect to Benchmark's claims except for an unjust enrichment claim against one of the Ceebraid Defendants, CSC Georgian Terrace Limited Partnership; this claim was ultimately settled, and the claim was dismissed.

Benchmark appeals.

DISCUSSION

Benchmark contends that the district court erred in a number of respects in granting the Defendants' motions for summary judgment. We consider each contention in turn.

A.    The Ceebraid Defendants

Benchmark contends that the district court erred in ruling that the Agreement was an agreement to agree and not an enforceable contract. Benchmark argues that the Agreement incorporated another document, the AGL Agreement, which, together with the Agreement, contained all the essential elements of a contract to provide services for five years. Benchmark says that the parties orally agreed to this, and that this is permitted by Georgia law. The Ceebraid Defendants reply that Benchmark did

4

not preserve this issue for appeal, and that any oral agreement is barred by the statute of fraud and rules restricting parol evidence.

The alleged oral agreement that Benchmark seeks to enforce does not comply with the requirements of the statute of frauds. "Any agreement that is not to be performed within one year from the making thereof . . . must be in writing and signed by the party to be charged." O.C.G.A. § 13-5-30(5). *See Katz v. Custom Spray Prods., Inc.*, 309 S.E.2d 663, 664 (Ga. 1983) ("[A] verbal contract for services to begin in the future and continue for a year is void under the Statute of Frauds."). Standing alone, the Agreement is simply an agreement to agree, and it is unenforceable. It does not incorporate, in writing, the AGL Agreement.

Benchmark also contends that the district court committed reversible error by granting summary judgment to the Ceebraid Defendants on Benchmark's fraud claims. The Ceebraid Defendants counter that fraud cannot be based on unenforceable promises, and that the district court properly refused to consider parol evidence that would have supported Benchmark's fraud claims.

To have a successful fraud claim, a plaintiff must make a showing that the offending party intended to breach a promise at the time the promise was made. *Brock v. King*, 629 S.E.2d 829, 834 (Ga. Ct. App. 2006). There is no evidence that the Ceebraid Defendants did not intend to take good faith steps to negotiate a deal

5

with Benchmark. The district court did not err in granting summary judgment to the Ceebraid Defendants on Benchmark's fraud claims.

Benchmark also contends that the district court erred in granting summary judgment on its claim for civil conspiracy. Because Benchmark cannot establish an underlying tort, the district court did not err in granting summary judgment against it on its civil conspiracy claim. *See Premier/Georgia Mgmt. Co. v. Realty Mgmt. Corp.*, 613 S.E.2d 112, 118 (Ga. 2005) ("To recover damages for a civil conspiracy, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort.").

Benchmark contends that the district court erred in dismissing its claim for aiding and abetting fraud. The Ceebraid Defendants argue that this claim fails because Georgia law does not recognize this claim. The Ceebraid Defendants are correct. And, even if Georgia law recognized such a claim, Benchmark has failed to prove the existence of an underlying fraud.

Benchmark argues that the district court erred in granting summary judgment on its unjust enrichment claims against the Ceebraid Defendants other than the CSC Georgian Terrace Limited Partnership. Benchmark has not demonstrated that it conferred a benefit on these Defendants that can be recognized in an unjust enrichment claim. And, any lost profits based on its alleged oral agreement to

6

manage the Hotel for five years are not recoverable under an unjust enrichment theory.

B. The Fremont Defendants

Benchmark contends that the district court erred by granting summary judgment on Benchmark's claim of tortious interference against the Fremont Defendants, because they say that the Fremont Defendants were a stranger to the contract. The Fremont Defendants respond that the district court properly held that they were not strangers to the Agreement or the relationship between the Ceebraid Defendants and Benchmark.

The Fremont Defendants were not a stranger to any contract between the Ceebraid Defendants and Benchmark. They had an economic interest in the Agreement. And, Benchmark's tortious interference claim also fails because the Agreement was not a valid and enforceable contract in the first place; it was merely an agreement to agree. Finally, Benchmark has made no showing that the Fremont Defendants acted with any intent to harm Benchmark.

Benchmark further contends that the district court erred in dismissing Benchmark's claims against Fremont Stratregic Property Partners II, LP ("Fremont Strategic") on the basis of lack of jurisdiction. It argues that Fremont Strategic waived any objection to personal jurisdiction, and that the district court should have

allowed Benchmark jurisdictional discovery. Fremont Strategic argues that it did not waive its jurisdictional challenge, and Benchmark was not entitled to jurisdictional discovery. The district court did not err in dismissing Fremont Strategic. Benchmark did not meet its burden of establishing that the district court had personal jurisdiction over Fremont Strategic. And, Benchmark does not challenge on appeal the substance of the district court's jurisdictional finding—that Fremont Strategic completely lacked contacts to Georgia.

AFFIRMED.